T.C. Memo. 2004-42

UNITED STATES TAX COURT

MILTON L. HILDEBRAN AND JUDY W. HILDEBRAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13978-01.               Filed February 19, 2004.

<u>G. Paul Martin</u>, for petitioner.

<u>Veena Luthra</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined deficiencies of
$7,168 and $7,621 in petitioners' Federal income tax for taxable
years 1998 and 1999, respectively.

The issue remaining for decision is whether certain wages
that petitioner Milton L. Hildebran (Mr. Hildebran) received
during each of the years at issue are excludable from petition-

ers' gross income for each such year under section 112.[1]  We hold that they are not.

                          FINDING OF FACTS

     Some of the facts have been stipulated and are so found.

     At the time petitioners filed the petition in this case, they resided in Lake Mary, Florida.

     During the years at issue, Mr. Hildebran's employer was Bay Ship Management, Inc. (Bay Ship Management).[2]  During those years, Bay Ship Management contracted with the United States Navy (Navy) to provide merchant marine[3] personnel to work on a ship known as the <u>Shughart</u>.  The <u>Shughart</u> was owned by the Navy and was operated solely at the expense of the United States by the Military Sealift Command, which is part of the Navy (Navy Military Sealift Command).

     During the years at issue, Bay Ship Management assigned Mr. Hildebran to work for certain periods during those years as a merchant marine on the <u>Shughart</u>.  During 1998, Mr. Hildebran

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]During the years at issue, Mr. Hildebran was a member of a union which had contracted with Bay Ship Management regarding certain union member rights.

[3]At all relevant times, a professional merchant marine, also known as a merchant seaman, was a professional mariner who moved products by ship from one port to another port.  At such times, the duties of a merchant marine included loading and unloading ship cargo.

worked on the Shughart from January 1 to February 15 and from June 13 to November 3. During 1999, Mr. Hildebran worked on the Shughart from March 9 to July 27. During the periods in 1998 and 1999 when Mr. Hildebran was working on the Shughart as a merchant marine employee of Bay Ship Management, he was providing support to the Navy Military Sealift Command.

The Shughart was operating in a designated combat zone during the period July 27, 1997, to July 10, 1999.[4] Consequently, when Mr. Hildebran served on the Shughart as a merchant marine employee of Bay Ship Management during certain periods in 1998 and 1999, he was in a designated combat zone for 190 days and 124 days during those respective years. During the periods in 1998 and 1999 when Mr. Hildebran was working on the Shughart as a merchant marine employee of Bay Ship Management and was in a designated combat zone, he received imminent danger pay.

At all relevant times, a merchant marine, like Mr. Hildebran, who worked on a Navy Military Sealift Command ship, like the Shughart, was subject to Navy physical standards and Navy standards of appearance, training, and mission completion. As a merchant marine working on the Shughart during certain periods in the years at issue, Mr. Hildebran was required to, and did, have security clearances, wear uniforms, receive an anthrax

---

[4]It is unclear from the record whether the Shughart was operating in a designated combat zone on July 10, 1999. We have assumed that it was.

vaccination, receive training in small arms and antiterrorism, and carry a Department of Defense identification card which showed his ship assignment and speciality.

At all relevant times, before serving on a Navy Military Sealift Command ship, like the Shughart, a merchant marine, like Mr. Hildebran, was required to, and did, sign articles of engagement (articles of engagement) which set forth the merchant marine's commitment to follow the orders of the Master (i.e., the Captain) of the ship even in the event of hostilities and regardless of danger. In the event that a merchant marine assigned to work on a Navy Military Sealift Command ship were to have refused to sign articles of engagement, that individual would not have been allowed to work on such a ship.

During the years at issue, Bay Ship Management also assigned Mr. Hildebran to work for certain periods as a merchant marine on a ship known as the SS Sandy Bay. During 1998 and 1999, Bay Ship Management paid Mr. Hildebran a total of $92,548 and $66,424, respectively, for his work as a merchant marine during those respective years on the Shughart and on the SS Sandy Bay.

Petitioners timely filed Form 1040, U.S. Individual Income Tax Return, for each of their taxable years 1998 (petitioners' 1998 return) and 1999 (petitioners' 1999 return). Petitioners filed Form 1040X, Amended U.S. Individual Income Tax Return, for taxable year 1998 (petitioners' amended 1998 return). In peti-

tioners' amended 1998 return, they claimed that they were enti-
tled under section 112 to exclude from their gross income $17,220
of wages that Mr. Hildebran received from Bay Ship Management
during 1998 for his work as a merchant marine on the Shughart.
In petitioners' 1999 return, petitioners claimed that they were
entitled under section 112 to exclude from their gross income
$37,883 of wages that Mr. Hildebran received from Bay Ship
Management during 1999 for his work as a merchant marine on the
Shughart.

Respondent issued to petitioners a notice of deficiency
(notice) for taxable years 1998 and 1999. In the notice, respon-
dent determined, inter alia, that petitioners were not entitled
under section 112 to exclude from their gross income for 1998 and
1999 the respective wages of Mr. Hildebran that they excluded
from gross income in petitioners' amended 1998 return and peti-
tioners' 1999 return.

### OPINION

We presume that respondent's examination of petitioners'
1998 return, petitioners' amended 1998 return, and petitioners'
1999 return began after July 22, 1998, and that section 7491(a)
is applicable in the instant case. However, the parties do not
address whether the burden of proof relating to the deficiency
determinations at issue should shift to respondent under section
7491(a). We need not decide whether that burden shifts to

respondent.  That is because resolution of the issue presented does not depend on who has the burden of proof.

It is petitioners' position that they are entitled under section 112 to exclude from their gross income the wages that Mr. Hildebran received during each of the years at issue for his work as a merchant marine on the Shughart.  In support of their position, petitioners argue that

> petitioner herein [Mr. Hildebran] experienced substan-
> tial incidents of military standing including but not
> limited to a signed agreement committing him to orders
> from the United States Navy, training in small arms and
> anti-terrorism and required inoculations for various
> illnesses.  Moreover, petitioner wore uniforms and had
> to have security clearances prior to deployment under
> the Military Sealift Command.  These trappings would
> seem sufficient for petitioner to claim status as an
> [sic] uniformed member of the United States Armed
> Forces pursuant to the definition contained in I.R.C.
> Section 7701(a)(15) and, therefore, eligibility for
> exclusion of his relevant income under I.R.C. Section
> 112.

It is respondent's position that petitioners are not enti-tled under section 112 to exclude from their gross income the wages that Mr. Hildebran received during each of the years at issue for his work as a merchant marine on the Shughart.  In support of respondent's position, respondent argues that

> I.R.C. section 112 provides that gross income does
> not include compensation received for active service as
> a member of the Armed Forces of the United States for
> any month during which the taxpayer served in a combat
> zone.  I.R.C. section 7701(a)(15) defines the term
> "Armed Forces of the United States" as including all
> active and reserve components of the uniformed services
> that are subject to the jurisdiction of the Department
> of Defense, the Secretary of the Army, the Secretary of

the Navy, or the Secretary of the Air Force, as well as the Coast Guard. Although petitioner's [Mr. Hildebran's] merchant marine occupation required him to work in support of the United States Navy and to work within a recognized combat zone, petitioner did not serve in the Armed Forces of the United States and, therefore, is not entitled to exclude any portion of his wages from gross income under I.R.C. section 112.

In further support of respondent's position, respondent points out that

> The Tax Court has consistently denied the combat pay exclusion under I.R.C. section 112 to civilian employees providing support to the United States military. Land v. Commissioner, 61 T.C. 675 (1974); Smith v. Commissioner, T.C. Memo. 1972-147; Reynolds v. Commissioner, T.C. Memo. 1972-84; Fagerland v. Commissioner, T.C. Memo. 1971-134. Pilots employed by private airlines flying civilian aircraft under contract with the Department of Defense in support of the United States military were found not to be members of the Armed Services and, therefore, not entitled to the I.R.C. section 112 exclusion. Land, 61 T.C. 675; Smith, T.C. Memo. 1972-147; Reynolds, T.C. Memo. 1972-84; Fagerland, T.C. Memo. 1971-134. A taxpayer who has been issued a Department of Defense identification card is not necessarily a member of the Armed forces of the United States. Land, 61 T.C. 675; Smith, T.C. Memo. 1972-147; Reynolds, T.C. Memo. 1972-84; Fagerland, T.C. Memo. 1971-134. Merchant marines are civilians and are not members of the Armed Forces of the United States; therefore, they are not entitled to income exclusion under I.R.C. section 112. Favero v. Commissioner, T.C. Memo. 2001-219.

Petitioners counter respondent's reliance on the foregoing cases by pointing out certain factual distinctions between those cases and the instant case. The distinctions between the cases on which respondent relies and the instant case that petitioners describe are not material, and petitioners' reliance on such distinctions is misplaced.

Section 112 provides in pertinent part:

SEC. 112.   CERTAIN COMBAT ZONE COMPENSATION OF MEMBERS
            OF THE ARMED FORCES.

    (a) Enlisted Personnel.--Gross income does not include compensation received for active service as a member below the grade of commissioned officer in the Armed Forces of the United States for any month during any part of which such member--

        (1) served in a combat zone, or

        (2) was hospitalized as a result of wounds, disease, or injury incurred while serving in a combat zone; but this paragraph shall not apply for any month beginning more than 2 years after the date of the termination of combatant activities in such zone.

    *       *       *       *       *       *       *

    (b) Commissioned Officers.--Gross income does not include so much of the compensation as does not exceed the maximum enlisted amount received for active service as a commissioned officer in the Armed Forces of the United States for any month during any part of which such officer--

        (1) served in a combat zone, or

        (2) was hospitalized as a result of wounds, disease, or injury incurred while serving in a combat zone; but this paragraph shall not apply for any month beginning more than 2 years after the date of the termination of combatant activities in such zone.

Section 7701(a)(15) defines the phrase "Armed Forces of the United States" that is used in section 112 as follows:

SEC. 7701.   DEFINITIONS

    (a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof--

> (15) Military or naval forces and armed forces of the United States.--The term "military or naval forces of the United States" and the term "Armed Forces of the United States" each includes all regular and reserve components of the uniformed services which are subject to the jurisdiction of the Secretary of Defense, the Secretary of the Army, the Secretary of the Navy, or the Secretary of the Air Force, and each term also includes the Coast Guard.  The members of such forces include commissioned officers and personnel below the grade of commissioned officers in such forces.

On the record before us, we find that at no time during the years at issue was Mr. Hildebran a member of the Armed Forces of the United States within the meaning of sections 112 and 7701(a)(15).  During those years, Bay Ship Management employed Mr. Hildebran as a merchant marine, assigned him to work as such on, inter alia, the <u>Shughart</u> during certain periods in those years, and paid Mr. Hildebran for the work that he performed, inter alia, while on the <u>Shughart</u>.  The Armed Forces of the United States did not employ, and did not pay any wages or compensation to, Mr. Hildebran with respect to such work. Although Mr. Hildebran's work as a merchant marine on the <u>Shughart</u> during certain periods in the years at issue was in support of the Navy Military Sealift Command and although he was required to, and did, carry a Department of Defense identification card, sign articles of engagement, and meet certain Navy standards during such periods, those facts did not in any way change the status of Mr. Hildebran as a civilian employee of Bay

Ship Management.[5]

On the instant record, we hold that petitioners are not entitled under section 112 to exclude from their gross income any of the wages that Mr. Hildebran received from Bay Ship Management during each of the years at issue for his work as a merchant marine on the Shughart.

We have considered all of the arguments and contentions of petitioners that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing and the concessions of the parties,

Decision will be entered under
Rule 155.

---

[5]We note that during the years at issue Mr. Hildebran was a member of a union which had contracted with his employer Bay Ship Management. Members of the Armed Forces of the United States are prohibited from joining labor unions. See 10 U.S.C. sec. 976 (2000).