T.C. Memo. 2011-26

UNITED STATES TAX COURT

NATHANIEL J. HOLMES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27240-08.                    Filed January 31, 2011.

Nathaniel J. Holmes, pro se.

<u>Laura A. Price</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  Respondent determined that income petitioner received in 2005 from Blackwater Security Consulting (Blackwater) for dangerous security work while in Iraq was not excludable from his gross income under section 112.[1]  This issue and additions to

_____

[1]All section references are to the Internal Revenue Code in
(continued...)

tax under sections 6651(a)(1) and (2) and 6654 for 2005 are before us. For the reasons stated herein, we hold that petitioner's income may not be excluded and that he is liable only for the section 6654(a) addition to tax.

## Background

Some of the facts have been stipulated and are so found. At the time petitioner filed his petition, he resided in Florida.

Petitioner was engaged in performing dangerous security services in Iraq during 2005. Petitioner was hired and paid by Blackwater to perform these security services in Iraq. His work in Iraq related to military operations. Petitioner received compensation of $98,400 for those services. He also received $913 in taxable interest from Navy Federal Credit Union. For 2005 Iraq was identified as a combat zone under Executive Order 12744, 56 Fed. Reg. 2663 (Jan. 23, 1991).

While in Iraq, petitioner was given a memorandum issued by Robert L. Hunt, the Acting Deputy Director, Compliance Field Operations, Internal Revenue Service (IRS). This memorandum discussed the appropriate steps for civilian personnel to take when engaged in an IRS examination and collection activity involving a taxpayer deployed to a Qualified Combat Zone. Petitioner did not remember who gave the memorandum to him.

---

[1](...continued)
effect for the year in issue.

Petitioner did not file an income tax return for 2004 or 2005. On June 2, 2008, respondent prepared a substitute for return for petitioner under section 6020(b) for 2005. At some point in 2008, petitioner provided respondent with a 2005 Form 1040, U.S. Individual Income Tax Return, dated "28 May 07". Petitioner reported zero income and zero tax due on the Form 1040.[2] Respondent did not accept the 2005 Form 1040 as a valid return. On August 25, 2008, respondent mailed petitioner a notice of deficiency regarding his 2005 income tax liability. On November 10, 2008, petitioner timely filed a petition with this Court.

## Discussion

### I. Section 112

Section 61 provides that gross income includes all income from whatever source derived, unless the taxpayer can establish a specific legislative authorization to exclude income from taxation. Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955). Section 112(a)(1) provides: "Gross income does not include compensation received for active service as a member below the grade of commissioned officer in the Armed Forces of the United States for any month during any part of which such member--(1) served in a combat zone".

---

[2]Petitioner did not make any estimated tax payments for tax year 2005 but made estimated tax payments of $55,000 during 2004.

Section 7701(a)(15) defines "Armed Forces of the United States" as including:

> all regular and reserve components of the uniformed services which are subject to the jurisdiction of the Secretary of Defense, the Secretary of the Army, the Secretary of the Navy, or the Secretary of the Air Force, and * * * includes the Coast Guard.  The members of such forces include commissioned officers and personnel below the grade of commissioned officers in such forces.

In 2005 petitioner did not serve in the Armed Forces of the United States.  He was a private citizen who was hired by and paid by a private company, Blackwater.

Petitioner argues that because he was performing services similar to those performed by the U.S. military and because he performed those services in a "combat zone", he should be allowed to exclude from gross income the pay he received from Blackwater while performing those duties.  However, at no time in 2005 was petitioner actually a member of the Armed Forces of the United States.  Section 1.112-1(a)(4), Income Tax Regs., states:

> Only compensation paid by the Armed Forces of the United States to members of the Armed Forces can be excluded under section 112, except for compensation paid by an agency or instrumentality of the United States or by an international organization to a member of the Armed Forces whose military active duty status continues during the member's assignment to the agency or instrumentality or organization on official detail. Compensation paid by other employers (whether private enterprises or governmental entities) to members of the Armed Forces cannot be excluded under section 112 even if the payment is made to supplement the member's military compensation or is labeled by the employer as compensation for active service in the Armed Forces of the United States. * * *

Under section 1.112-1(a)(4), Income Tax Regs., petitioner cannot exclude the compensation he received from Blackwater in 2005 from gross income because it was not "compensation paid by the Armed Forces of the United States to members of the Armed Forces".

The Tax Court has held that employees of private companies performing services similar to those performed by members of the Armed Forces of the United States while in combat zones do not qualify for the exclusion under section 112. See Land v. Commissioner, 61 T.C. 675 (1974) (a pilot employed by a private airline flying civilian aircraft under contract with the Department of Defense in support of the U.S. military in a combat zone during the Vietnam War was not a member of the Armed Forces and therefore not entitled to the section 112 exclusion); see also Hildebran v. Commissioner, T.C. Memo. 2004-42.

In Hildebran, the taxpayer was employed as a merchant marine by Bay Ship Management, a private company. During part of tax years 1998 and 1999, the taxpayer was assigned to work aboard a U.S. naval ship which operated in a combat zone. Id. The taxpayer was:

> subject to Navy physical standards and Navy standards of appearance, training, and mission completion. * * * [The taxpayer] was required to, and did, have security clearances, wear uniforms, receive an anthrax vaccination, receive training in small arms and antiterrorism, and carry a Department of Defense identification card which showed his ship assignment and specialty.

In <u>Hildebran</u>, the Commissioner issued a notice of deficiency to the taxpayer, who petitioned the Court, arguing that the income he received while working in a combat zone should be excluded from gross income under section 112.

The Court held in <u>Hildebran</u> that because the taxpayer was not a member of the Armed Forces of the United States during the years at issue within the meaning of sections 112 and 7701(a)(15), he was not entitled under section 112 to exclude from gross income any of the wages that he received while working for Bay Ship Management aboard the Navy ship. The Court stated that although the taxpayer met certain Navy standards, "those facts did not in any way change the status of Mr. Hildebran as a civilian employee of Bay Ship Management." The facts in <u>Hildebran</u> are similar to the facts in this case. Although petitioner may have performed work similar to that of members of the Armed Forces of the United States while in a combat zone, those facts do not change the status of petitioner as a civilian who was recruited and paid by Blackwater, a private company. Therefore, like the taxpayer in <u>Hildebran</u>, petitioner is not entitled under section 112 to exclude from gross income the compensation he received from a private company, Blackwater, while working in Iraq.

Petitioner asserts that section 1.112-1(e)(2), <u>Examples</u> (<u>3</u>), (<u>4</u>), (<u>5</u>), (<u>6</u>), and (<u>7</u>), Income Tax Regs., "clearly illustrate

that individuals providing military service in a combat zone need not be members of the armed forces." However, this is not the case. Examples (3), (4), (5), (6), and (7) refer to member "B", described in Examples (1) and (2) as a member of the Armed Forces.

Petitioner also asserts that Congress did not intend to limit the definition of "Armed Forces of the United States" as defined in section 7701(a)(15) and that this definition may include individuals who are not members of the Armed Forces and who perform services similar to those of the United States military. Congress has considered the issue of whether income earned by individuals who are not members of the Armed Forces of the United States and who are working in combat zones should be excluded from gross income, it has yet to amend section 112 to extend the exclusion to such taxpayers. H.R. 294, 109th Congress (2006), proposed to extend the combat zone income tax exclusion to civilian contract employees serving in combat. Jackson, Cong. Research Serv., RL 33230, Proposed Federal Income Tax Exclusion for Civilians Serving in Combat Zones (2006). H.R. 294, was sent to the House Ways and Means Committee and never came forth. Similar bills were also introduced in 2001, H.R. 351, 107th Cong. (2001), and in 2003, H.R. 117, 108th Cong. (2003). Both bills were also sent to the House Ways and Means Committee and never came forth.

II.  Additions to Tax

Respondent determined that petitioner is liable for additions to tax for failure to timely file a return under section 6651(a)(1), failure to timely pay tax under section 6651(a)(2), and failure to pay estimated income tax under section 6654(a).

Section 6651(a)(1) imposes an addition to tax for failure to timely file a required Federal income tax return, unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.  Section 7491(c) places the burden of production on the Commissioner to present sufficient evidence showing that the addition to tax is appropriate.  Higbee v. Commissioner, 116 T.C. 438 (2001).  Once the Commissioner meets this burden, the taxpayer has the burden of proof with respect to exculpatory factors, such as reasonable cause.  Id. at 446.

Petitioner admitted on brief that he did not file a return for calender year 2005.  Petitioner's only explanation for failing to file is that in 2005 while in Iraq, he was given a memorandum that caused him to believe that the income he was receiving from Blackwater was not taxable.  This memorandum was an internal memorandum written to give the Commissioner's employees field guidance for examination and collection activity involving taxpayers in Iraq.  The memorandum, titled "Memorandum

for Acting Deputy Director, Compliance Field Operations", was issued by the Internal Revenue Service Small Business/Self-Employment Division on June 28, 2004. The memorandum states that civilian or military personnel who are in direct support of a combat zone military initiative and physically located in the combat area are entitled to the exclusion. It also states that time spent in a combat zone by an individual serving in support of the Armed Forces will be disregarded with respect to "certain acts required under the Internal Revenue Code." It goes on to state that "This change in procedure will be reflected in the next revision of the IRM, which is in the process of being written."

Petitioner satisfies all the criteria found in the memorandum. He was serving in Iraq alongside the military, provided security to Government officials, and aided in giving air support, medical aid, and emergency response assistance. Petitioner had no background in tax law and was given this memorandum written by an IRS employee while serving in Iraq. We believe that receiving this memorandum while serving in Iraq could give someone reasonable cause to believe that his payments from Blackwater were excluded from gross income. Therefore, petitioner is not liable for the addition to tax under section 6651(a)(1).

Respondent also determined a section 6651(a)(2) addition to tax. Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on a return on or before the due date prescribed unless the taxpayer can establish such failure was due to reasonable cause and not willful neglect. The amount of the addition is equal to 0.5 percent of the amount shown as tax on the tax return but not paid, with an additional 0.5 percent each month or fraction thereof during which the failure to pay continues (up to a maximum of 25 percent). See Cabirac v. Commissioner, 120 T.C. 163, 170 n.12 (2003). For the reasons stated above, we find that petitioner had reasonable cause and is not liable for the section 6651(a)(2) addition to tax.

Respondent also determined that petitioner is liable for an addition to tax under section 6654 for failure to pay estimated tax for 2005. Section 6654(a) imposes an addition to tax for failure to make timely and sufficient payments for estimated tax. A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year. Sec. 6654(d). A required annual payment is equal to the lesser of: (1) 90 percent of the tax shown on the taxpayer's return due for the year in issue (or, if no return is filed, 90 percent of the tax for such year); or (2) if the taxpayer filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(B). Generally,

section 6654 provides no exception for reasonable cause.  Sec. 1.6654-1(a)(1), Income Tax Regs.; see also <u>Bray v. Commissioner</u>, T.C. Memo. 2008-113.

Petitioner made no estimated tax payments for 2005, and therefore such payments were less than 90 percent of the amount of tax shown on the substitute for return; and petitioner failed to file a 2004 income tax return.  Therefore, petitioner is liable for the section 6654(a) addition to tax.

To reflect the foregoing,

<u>An appropriate decision will be entered</u>.