T.C. Memo. 2006-81

UNITED STATES TAX COURT

KEN M. GUTHRIE, Jr., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14009-04.                    Filed April 19, 2006.

Ken M. Guthrie, Jr., pro se.

<u>Beth A. Nunnink</u>, <u>James L. May, Jr.</u>, and <u>Heather D. Horton</u>,

for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined deficiencies in

petitioner's income tax and additions to tax as follows:

|       |            | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1998 | $11,772.20 | $2,566.40 | $534.30 |
| 1999 | 29,131.50 | 6,554.59 | 1,399.01 |
| 2001 | 40,984.00 | 9,221.40 | 1,621.86 |

Respondent also determined that petitioner is liable for the addition to tax under section 6651(a)(2)[1] for failure to pay tax shown on the return in amounts to be calculated later for each year in issue.  The issues for decision are:

1.  Whether respondent correctly determined petitioner's income tax deficiencies for 1998, 1999, and 2001.  We hold that respondent did.

2.  Whether petitioner is liable for additions to tax for failure to file tax returns and for failure to pay estimated tax for 1998, 1999, and 2001.  We hold that he is.

3.  Whether petitioner is liable for the addition to tax for for failure to pay tax.  We hold that he is not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.  Petitioner

Petitioner resided in Metairie, Louisiana, when he filed the petition.  He was single with no dependents and had no itemized deductions in 1998, 1999, and 2001.  Petitioner has not filed Federal income tax returns for 1998, 1999, or 2001.

---

[1]  Section references are to the Internal Revenue Code as amended and in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

B.    Amounts Petitioner Received in 1998, 1999, and 2001

Petitioner received distributions from Nationwide Life Insurance Co. of $43,222 in 1998 and $84,445 in 1999.  He was not disabled in 1998 or 1999.  He was 48 years old on December 31, 1998.

In 1998, petitioner received gambling winnings of $1,451 from Oaklawn Jockey Club, Inc. and $660 from Fair Grounds Corp. In 1999, petitioner received gambling winnings of $1,120 from Oaklawn Jockey Club, Inc., $1,612 from Turfway Park, LLC, $1,782 from Southland Racing Corp., $636 from Louisiana Downs, and $1,036 from Finish Line Management.

In 2001, petitioner received nonemployee compensation of $122,538 from Electrical Engineering Professional Services, Inc.

OPINION

A.    Whether Respondent Correctly Determined Petitioner's Deficiencies in Income Tax for 1998, 1999, and 2001

Petitioner stipulated that he received income as determined by respondent.  However, he contends that he is not subject to Federal income tax, his receipts are not taxable, payment of income tax is voluntary, requiring him to pay income tax violates the U.S. Constitution, and he is not liable for income tax because he is Catholic.  We disagree.

Petitioner's arguments are frivolous.  We need not refute them with somber reasoning and copious citation of precedent; to do so might suggest that they have some colorable merit.  See

Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984);

Williams v. Commissioner, 114 T.C. 136, 138-139 (2000).  We

conclude that respondent correctly determined petitioner's

deficiencies in income tax for 1998, 1999, and 2001.

B.    Whether Petitioner Is Liable for Additions to Tax for 1998,
      1999, and 2001

Section 7491(c) places on the Commissioner the burden of

producing evidence that it is appropriate to impose a particular

addition to tax or penalty.  Respondent has met that burden with

respect to the addition to tax for failure to file returns under

section 6651(a)(1) for 1998, 1999, and 2001 by showing that

petitioner did not file a return for those years and for failure

to pay estimated tax under section 6654 by showing that

petitioner did not pay estimated tax.

Respondent has not met the burden of production with respect

to the addition to tax for failure to pay under section

6651(a)(2) for any of the years in issue.  Section 6651(a)(2)

provides for an addition to tax where the taxpayer fails to pay

the amount of tax shown on a return.  The addition to tax under

section 6651(a)(2) applies only when an amount of tax is shown on

a return.  Cabirac v. Commissioner, 120 T.C. 163, 170 (2003).

Petitioner did not file a return for the years in issue.  Under

section 6651(g)(2), a return prepared by the Secretary under

section 6020(b) is treated as the return filed by the taxpayer

for purposes of determining whether the taxpayer is liable for an

addition to tax under section 6651(a)(2). <u>Id.</u> Respondent does not allege and there is no evidence showing that respondent prepared substitutes for returns for petitioner under section 6020(b). Thus, respondent has not produced evidence showing that it is appropriate to impose the addition to tax for failure to pay tax shown on petitioner's returns for the years in issue, and respondent has not met the burden of production under section 7491(c) with respect to that addition to tax.

Petitioner made only frivolous arguments that he was not liable for tax. He made no argument that he was not liable for the additions to tax for the years in issue for failure to file under section 6651(a)(1), or failure to pay estimated tax under section 6654. We conclude that petitioner is liable for the additions to tax for 1998, 1999, and 2001 for failure to file under section 6651(a)(1) and for failure to pay estimated tax under section 6654.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.