120 T.C. No. 10

UNITED STATES TAX COURT

MICHAEL A. CABIRAC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4068-02.                    Filed April 22, 2003.

        P received wages, interest, and distributions from
a pension fund and individual retirement accounts in
1997 and 1998.  He filed Forms 1040 and 1040A for those
years, respectively, but entered zeros on the relevant
lines for computing his tax liability.  P argues that
the income tax is an excise tax and that he is not
engaged in taxable excise activities.  R did not accept
P's return forms for 1997 and 1998 as valid returns
because they contained no information upon which P's
tax liability could be determined.  R prepared
substitutes for return for P for 1997 and 1998.  R's
substitutes for return consisted of the first two pages
of a Form 1040 and contained zeros on the relevant
lines for computing a tax liability, showed a tax
liability of zero, and were not subscribed.  R
subsequently mailed to P a notice showing proposed tax
adjustments.  A revenue agent's report was attached to
the notice.

Held:  The wages, interest, and distributions that P received represent taxable income in the amounts determined by R.

Held, further, that P is liable for a 10-percent additional tax on the taxable amounts of his pension and IRA distributions.  Sec. 72(t)(1), I.R.C.

Held, further, that P is liable for sec. 6651(a)(1), I.R.C., additions to tax for failure to file a return on or before the specified filing date. The Forms 1040 and 1040A that P filed showing zeros are not "returns" for Federal income tax purposes.  P is also liable for sec. 6654, I.R.C., additions to tax for a failure to pay estimated taxes.

Held, further, that the sec. 6651(a)(2), I.R.C., additions to tax for failure to pay amounts of tax shown on returns do not apply because there was no tax shown on any returns attributable to P, and the unsubscribed substitutes for return showing zero taxes do not meet the requirements for a sec. 6020(b), I.R.C., return.  The subsequently prepared notice of proposed adjustments and the revenue agent's report, which were not attached to the unsubscribed substitutes for return, whether viewed separately or in conjunction with the substitutes for return, do not constitute returns for purposes of sec. 6020(b), I.R.C.

Held, further, that a penalty of $2,000 is imposed under sec. 6673(a)(1), I.R.C.


Michael A. Cabirac, pro se.

James N. Beyer, for respondent.


RUWE, Judge:  Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax as follows:

| Year | Deficiency | Additions to tax | | |
|------|-----------|------------------|--|--|
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 1997 | $10,371 | $2,592.75 | To be determined | $459.70 |
| 1998 | 13,521 | 3,380.25 | To be determined | 618.69 |

The issues for decision are: (1) Whether petitioner received wages, interest, and pension and individual retirement plan distributions as taxable income in the amounts that respondent determined; (2) whether petitioner is liable for a 10-percent additional tax under section 72(t)(1);[1] (3) whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654; and (4) whether to impose a penalty under section 6673(a)(1).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, the attached exhibits, and the supplemental stipulation of facts are incorporated herein by this reference. At the time of filing the petition, petitioner resided in Brandamore, Pennsylvania.

Petitioner was employed by Environmental Compliance Services, Inc. (ECS). ECS paid petitioner $47,051.55 in 1997 and $50,871.48 in 1998 as salary. ECS issued to petitioner Forms W-2, Wage and Tax Statement, which reflected those amounts as wages. In 1997, petitioner received $200 in interest from the

---

[1]All section references are to the Internal Revenue Code in effect for the taxable years in issue.

Internal Revenue Service.  In 1998, petitioner received $247 in interest from Fulton Bank.

In 1997, petitioner received a $20,356 distribution from his pension fund at ECS.[2]  In 1998, petitioner received distributions of $11,000 from an individual retirement account (IRA) that he maintained with Vanguard Fiduciary Trust.  Also in 1998, petitioner received a $2,534 distribution from an IRA that he maintained with Warburg Pincus International Equity Fund.[3]

Petitioner submitted to respondent a Form 1040, U.S. Individual Income Tax Return, dated April 14, 1998, for his 1997 taxable year.  Petitioner entered zeros on line 7 for wages and salaries, line 22 for total income, lines 32 and 33 for adjusted gross income, line 38 for taxable income, line 39 for tax, and line 53 for total tax.[4]  Attached to the Form 1040 is a two-page document in which petitioner explains his position regarding his entering zeros on that form in which he argues, inter alia, that

[2]A Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., listing sheet for petitioner's distribution shows a gross distribution of $20,356.05 and a taxable amount of $4,000.

[3]Petitioner had not attained the ages of 55 or 59-1/2 years as of Dec. 31, 1998.  He was not separated from his employment in 1997 and 1998.  He was married during 1997 and 1998; he was neither separated nor divorced during those years.

[4]Petitioner also entered zeros on line 60 for total payments, line 61 for amount overpaid, and line 62a for amount to be refunded.  All remaining lines, except the name, address, Social Security number, filing status, exemptions, and signature lines, were left blank.

no section of the Internal Revenue Code establishes an income tax liability or provides that income taxes have to be paid on the basis of a return, that he is protected by the Fifth Amendment of the Constitution from providing information on a return, and that he had "zero" income since he had no earnings taxable as income under the Corporation Excise Tax Act of 1909, ch. 6, 36-1 Stat. 11.

In a letter dated January 19, 1999, petitioner submitted to respondent a Form 4852, Substitute for Form W-2, Wage and Tax Statement, correcting the Form W-2 that ECS issued to petitioner for 1997. The Form 4852 indicates that lines 7a, b, and c of the Form W-2 should contain zeros. Petitioner also submitted a document entitled "Asseveration of Claimed Gross Income" and a document entitled "Detailed Explanation of Determination of Taxable Sources of Income for the Year 1997" in which he explained his position. He claimed that the Form W-2 submitted by ECS for 1997 was incorrect because he did not have any gross income from a source listed in the regulations promulgated under section 861.

Petitioner submitted a Form 1040A, U.S. Individual Income Tax Return, for taxable year 1998. Petitioner entered zeros on line 7 for wages and salaries, line 14 for total income, lines 18 and 19 for adjusted gross income, and line 24 for taxable

income.[5]  Petitioner attached a Form 4852 to the Form 1040A.  He also attached a one-page untitled document and a five-page document entitled "Asseveration of Exclusion of Remuneration from Gross Income for 1998" in which he raised arguments similar to those raised in the attachment to his 1997 Form 1040 and in the Form 4852 that he submitted for 1997.

Respondent did not accept petitioner's 1997 Form 1040 or the 1998 Form 1040A as valid returns.  Respondent prepared substitute for return documents (SFRs) for petitioner for 1997 and 1998.  Each of the SFRs consists of pages 1 and 2 of a Form 1040, and each contains zeros on line 7 for wages and salaries, line 22 for total income, line 39 for taxable income, line 40 for tax, and line 56 for total tax.  Respondent stamped those documents as received by his service center on February 23, 2000.  Respondent mailed to petitioner a letter dated May 31, 2000, notifying him of proposed changes to petitioner's taxes and various penalties for the years 1997 and 1998.  A revenue agent's report dated May 31, 2000, is attached to that letter.  The letter informed petitioner that he had 30 days to request a conference with respondent's Office of Appeals if petitioner did not agree to the

---

[5]Petitioner also entered zeros on line 35 for Federal income tax withheld and line 39 for total payments.  Line 7 contains a handwritten notation to see an attached document for an explanation regarding petitioner's entry of zero on that line.  All remaining lines except the name, filing status, and the signature lines were left blank.

proposed adjustments.  Respondent mailed a notice of deficiency
to petitioner on September 28, 2001.

Petitioner had no Federal income taxes withheld from his
wages for the taxable years 1997 and 1998.  He made no estimated
tax payments for those years.

OPINION

A.   Taxable Income Determinations

Gross income means all income from whatever source derived.
Sec. 61(a).  It is beyond contention that wages represent taxable
income.  See sec. 61(a)(1); United States v. Connor, 898 F.2d
942, 943 (3d Cir. 1990); Grimes v. Commissioner, 82 T.C. 235, 237
(1984).  It is also clear that interest, pension and IRA
distributions are taxable as income.  Secs. 61(a)(4), (11),
408(d)(1).

Respondent determined that petitioner received taxable
wages, interest, and pension and IRA distributions in 1997 and
1998.  Petitioner stipulated that he received the amounts
determined by respondent as income.  However, he argues that the
income tax is an excise tax and that he did not engage in taxable
excise activities during the taxable years in question.  We have
previously rejected petitioner's argument as frivolous, and we
see no need to address petitioner's argument with any further
discussion.  Sawukaytis v. Commissioner, T.C. Memo. 2002-156;
Heisey v. Commissioner, T.C. Memo. 2002-41, affd. ___ Fed. Appx.

___ (9th Cir. 2003); Hart v. Commissioner, T.C. Memo. 2001-306.

Accordingly, we sustain respondent's determinations of

deficiencies.[6]

B.    Additional Tax for Early Distributions

Respondent determined that petitioner is liable for a 10-

percent additional tax on the taxable amounts of his pension and

IRA distributions in 1997 and 1998.  If any individual taxpayer

receives any amount from a qualified retirement plan, the

taxpayer's tax is increased by an amount equal to 10 percent of

the portion of such amount that is includable in gross income.

Sec. 72(t)(1).[7]  A qualified retirement plan includes individual

retirement accounts.  Sec. 4974(c).  The evidence clearly

supports imposition of this addition, and petitioner raises no

arguments with respect to this issue.  We sustain respondent's

determinations on the basis of the record before us.

---

[6]Petitioner submitted documents to respondent with respect
to his 1997 and 1998 tax years in which he argued that his wages
were not includable in gross income since wages are not listed in
the regulations promulgated under sec. 861, notably sec. 1.861-
8(f), Income Tax Regs.  Those regulations provide rules for
determining whether income is considered from sources within or
without the United States.  Petitioner did not raise this
argument in his petition or on brief.  In any event, that
argument is frivolous.  See Takaba v. Commissioner, 119 T.C. 285,
294-295 (2002); Williams v. Commissioner, 114 T.C. 136, 138-139
(2000); Corcoran v. Commissioner, T.C. Memo. 2002-18, affd. 54
Fed. Appx. 254 (9th Cir. 2002).

[7]Sec. 72(t)(2) excepts certain distributions from the 10-
percent additional tax.  Petitioner does not argue that any of
those exceptions apply, and there is no evidence in the record
from which to conclude that they are applicable.

C.    Additions to Tax and Penalty

Section 7491(c) applies with respect to examinations that are commenced after July 22, 1998, see Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(c), 112 Stat. 727, and places the burden of production on the Commissioner to show that the imposition of an addition to tax or penalty is appropriate.  In his trial memorandum, respondent acknowledged that section 7491(c) applies to the instant case.[8]

Section 6651(a)(1) provides an addition to tax for a failure to file a return on or before the specified filing date unless it is shown that such failure is due to reasonable cause and not due to willful neglect.[9]  Once the Commissioner meets his initial burden of production to show that the addition to tax is appropriate, the taxpayer bears the burden of proving his failure to file timely the required return did not result from willful neglect and that the failure was due to reasonable cause.  Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

---

[8]Sec. 7491(c) was added to the Code by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 726.

[9]The addition to tax is equal to 5 percent of the amount of the tax required to be shown on the return if the failure to file is not for more than 1 month.  An additional 5 percent is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25 percent of the tax.  The addition to tax is imposed on the net amount due.  Sec. 6651(a)(1) and (b); Pratt v. Commissioner, T.C. Memo. 2002-279.

Petitioner filed what he claimed to be valid returns for 1997 and 1998. However, those purported returns contain zeros on the relevant lines for computing petitioner's tax liability. Respondent did not accept those returns and treated the documents that petitioner filed as frivolous returns.

The majority of courts, including this Court, have held that, generally, a return that contains only zeros is not a valid return. See Taylor v. United States, 87 AFTR 2d 2001-2518, 2001-2 USTC par. 50,479 (D.C. Cir. 2001); United States v. Mosel, 738 F.2d 157 (6th Cir. 1984); United States v. Grabinski, 727 F.2d 681 (8th Cir. 1984); United States v. Rickman, 638 F.2d 182 (10th Cir. 1980); United States v. Moore, 627 F.2d 830 (7th Cir. 1980); United States v. Smith, 618 F.2d 280 (5th Cir. 1980); Lee v. Commissioner, T.C. Memo. 1986-294; Cline v. Commissioner, T.C. Memo. 1982-44. For example, in United States v. Moore, supra at 835, the Court of Appeals for the Seventh Circuit noted that a tax might conceivably be calculated on the basis of the zero entries; however, "it is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code."[10]

_____

[10]See Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986), to the effect that a document constitutes a "return" for Federal income tax purposes if: (1) It contains sufficient data to calculate tax liability; (2) it purports to be a return; (3) it represents an honest and reasonable attempt to satisfy the requirements of the tax law;

(continued...)

See also United States v. Mosel, supra at 158.  In United States v. Edelson, 604 F.2d 232, 234 (3d Cir. 1979), the Third Circuit Court of Appeals, to which this case is appealable, stated:  "it is now well established that tax forms that do not contain financial information upon which a taxpayer's tax liability can be determined do not constitute returns within the meaning of the Internal Revenue Code".[11]

The Forms 1040 and 1040A that petitioner submitted contain only zero entries, and it is clear from the attachments to those returns that petitioner did not make an honest and reasonable attempt to supply the information required by the Internal Revenue Code.  We hold that petitioner did not file valid returns.  Petitioner did not establish that his failure to file was due to reasonable cause.  We therefore sustain the section 6651(a)(1) additions to tax as determined.

Section 6654(a) provides for an addition to tax in the case of an underpayment of estimated tax.  Petitioner made no estimated tax payments, and no income taxes were withheld for

---

[10](...continued)
and (4) it is executed under penalties of perjury.

[11]In United States v. Long, 618 F.2d 74, 75 (9th Cir. 1980), the Court of Appeals for the Ninth Circuit held that a return containing only zeros was a return for purposes of sec. 7203 since it contained information relating to the taxpayer's income from which the tax could be computed.  The holding in United States v. Long, supra, represents the minority view that we do not follow in the present case.

1997 and 1998. Petitioner has not shown that he falls within any of the exceptions to the section 6654(a) addition to tax. See sec. 6654(e); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). We sustain the additions to tax under section 6654(a) as determined by respondent.

Section 6651(a)(2) provides for an addition to tax in the case of a failure to pay an amount of tax shown on a return.[12] Section 6651(a)(2) applies only in the case of an amount of tax shown on a return. Kinslow v. Commissioner, T.C. Memo. 2002-313; Burr v. Commissioner, T.C. Memo. 2002-69, affd. 56 Fed. Appx. 150 (4th Cir. 2003); Heisey v. Commissioner, T.C. Memo. 2002-41; Watt v. Commissioner, T.C. Memo. 1986-22. Petitioner did not file valid returns for 1997 and 1998; however, respondent prepared SFRs which he claims should be considered in conjunction with a subsequently prepared notice of proposed adjustments. Respondent argues that when these two documents are considered together,

---

[12]The addition to tax is equal to 0.5 percent of the amount shown as tax on the return if the failure to pay is not for more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure to pay continues, not exceeding 25 percent in the aggregate. Sec. 6651(a)(2). The addition to tax under sec. 6651(a)(1) is reduced by the amount of the addition under sec. 6651(a)(2) for any month (or fraction thereof) to which an addition to tax under sec. 6651(a)(1) and (2) applies. Sec. 6651(c)(1).

they constitute returns under section 6020(b).[13]  Under section

6651(g), a return prepared by the Secretary under section 6020(b)

is treated as "the return filed by the taxpayer for purposes of

determining the amount of the addition" under section

6651(a)(2).[14]  However, the documents that respondent prepared in

this case do not qualify as returns under section 6020(b).

We have previously discussed the requirements of a section

6020(b) return.  In <u>Phillips v. Commissioner</u>, 86 T.C. 433, 437-

---

[13]Sec. 6020(b) provides:

SEC. 6020(b) Execution of Return by Secretary.--

(1) Authority of secretary to execute return.--If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) Status of returns.--Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

[14]Sec. 6651(g) provides:

SEC. 6651(g).  Treatment of Returns Prepared by Secretary Under Section 6020(b).--In the case of any return made by the Secretary under section 6020(b)--

(1) such return shall be disregarded for purposes of determining the amount of the addition under paragraph (1) of subsection (a), but

(2) such return shall be treated as the return filed by the taxpayer for purposes of determining the amount of the addition under paragraphs (2) and (3) of subsection (a).

438 (1986), affd. in part and revd. in part on another issue 851 F.2d 1492 (D.C. Cir. 1988), we held that a "dummy return", i.e., page 1 of a Form 1040 showing only the taxpayer's name, address, and Social Security number, was not a section 6020(b) return. In Millsap v. Commissioner, 91 T.C. 926 (1988), respondent prepared Forms 1040 containing the taxpayer's name, address, Social Security number, and filing status. The Forms 1040 contained no information regarding income or tax and were not subscribed. However, attached to the Forms 1040 was a previously prepared revenue agent's report which contained sufficient information from which to compute the taxpayer's tax liability and was subscribed. We held that the Form 1040 together with the attached revenue agent's report met the requirements for a section 6020(b) return.

The SFRs that the parties stipulated were not subscribed as required by section 6020(b)(2) and show zeros on the relevant lines for computing a tax liability, and do not show any tax due. Indeed, the SFRs contain essentially the same information and entries as the forms petitioner submitted as returns for 1997 and 1998, and we have already held that the forms submitted by petitioner were not valid returns. Moreover, although each of the SFRs contains pages 1 and 2 of a Form 1040, those documents are essentially the same as the "dummy returns" which we held did not constitute section 6020(b) returns in Phillips v.

Commissioner, supra.  The SFRs provide no basis upon which to calculate petitioner's tax liabilities for 1997 and 1998, or, for that matter, the additions to tax under section 6651(a)(2).

Respondent argues that in determining whether a valid section 6020(b) return was prepared, we should view the SFRs filed on February 23, 2000, in conjunction with the notice of proposed adjustments, dated May 31, 2000, which he sent to petitioner.  A revenue agent's report dated May 31, 2000, was attached to that notice and contained sufficient information from which to calculate petitioner's tax liability.  In Millsap v. Commissioner, supra, we held that a Form 1040 and an "attached" revenue agent's report that was subscribed met the requirements of a section 6020(b) return.  Unlike the documents in Millsap, there is no indication that the revenue agent's report in the instant case was attached to the SFR.[15]  The parties stipulated those documents as separate exhibits.[16]  Further, the SFRs appear to have been prepared on February 9, 2000.  Respondent stamped

[15]Respondent does not argue that the notice of proposed adjustments and the revenue agent's report were attached to the SFRs.

[16]The parties stipulated that "Respondent prepared a substitute for return document for the petitioner for the year 1997", and "Respondent prepared a Substitute for Return document for the taxable year 1998."  The parties stipulated those substitute for return documents as exhibits.  The exhibits consist of pages 1 and 2 of Forms 1040, which contain zero entries in the relevant lines.  They are not accompanied by the May 31, 2000, letter and the revenue agent's report which were stipulated as a separate exhibit.

those documents received on February 23, 2000, which date is more than 3 months before the date of the May 31, 2000, notice of proposed adjustments and the May 31, 2000, revenue agent's report. There is no evidence that the notice or the revenue agent's report were ever put together with the SFRs and filed as section 6020(b) returns.

We find that the notice of proposed adjustments and the revenue agent's report cannot be considered to be part of the SFRs that respondent prepared. We cannot agree with respondent's suggestion that the presence of what are essentially "dummy returns" and a revenue agent's report somewhere in the record meets the requirements of section 6020(b). If that were the case, respondent could dispense with any degree of formality in preparing section 6020(b) returns, and sections 6020(b) and 6651(g) would apply in every case that comes before us where a return was not filed and a tax was not paid. Certainly, our decisions in Phillips and Millsap mandate a greater degree of formality than that suggested by respondent.[17]

The record in the instant case contains essentially the same materials that were involved in Phillips v. Commissioner, supra.

---

[17]Respondent does not argue that his final determination contained in the notice of deficiency issued on Sept. 28, 2001, should be considered in determining whether sec. 6020(b) returns were filed. Indeed, such an argument would be inconsistent with our opinions in Phillips v. Commissioner, 86 T.C. 433 (1986) and 88 T.C. 529 (1987), affd. in part and revd. in part on another issue 851 F.2d 1492 (D.C. Cir. 1988).

Notably, in Phillips, the Commissioner's file contained a copy of a substitute for return prepared by the Commissioner for 1979 and consisted of page 1 of a Form 1040 that showed only the taxpayer's name, address, and Social Security number.  The record did not contain copies of any substitutes for return for 1980 and 1981.  However, a certified transcript of account indicated that Forms 1040 were filed as the taxpayer's returns by the Commissioner for 1979, 1980, and 1981.[18]  In addition, before the Commissioner mailed the notice of deficiency to the taxpayer, he issued a notice which entitled the taxpayer to an administrative review of the proposed deficiency.  See Phillips v. Commissioner, 88 T.C. 529, 530 (1987), revd. on another issue 851 F.2d 1492 (D.C. Cir. 1988).  We held that those items did not meet the requirements of a section 6020(b) return.[19]

---

[18]The certified transcript of account listed document locator numbers (DLN), which purported to identify the substitute returns prepared by the Commissioner for the taxpayer.  The DLN Code identified the filing location, type of tax and document involved, and the date the document was processed, among other things.

[19]However, in Smalldridge v. Commissioner, 804 F.2d 125 (10th Cir. 1986), affg. T.C. Memo. 1984-434, in an opinion issued 6 months after our first opinion in Phillips, the Tenth Circuit Court of Appeals held that a document signed by the examiner, which included the taxpayer's name, address, Social Security number, wage information for the years in question, a personal exemption where applicable, and indicated married, filing separately status constituted a return filed by the Commissioner pursuant to sec. 6020(b).  In our subsequent opinion in Phillips v. Commissioner, 88 T.C. at 534 n.8, concerning a claim under sec. 7430, we distinguished the holding in Smalldridge on the
(continued...)

On the basis of the evidentiary record and previously cited cases, we hold that respondent has not met his burden of production with respect to the appropriateness of imposing the section 6651(a)(2) additions to tax.

Prior to trial, respondent filed a motion for sanctions pursuant to section 6673. Section 6673(a)(1) provides for a penalty whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless. We have already held that petitioner's position with respect to his liability for tax is frivolous. Accordingly, we impose a penalty of $2,000.

> An appropriate order and decision will be entered for respondent except for the additions to tax under section 6651(a)(2), which do not apply.

---

[19](...continued) basis that the Court of Appeals had concluded that the Commissioner filed valid returns pursuant to sec. 6020(b) in Smalldridge, whereas in Phillips, "No such returns were filed". But see Phillips v. Commissioner, 88 T.C. at 540 (Swift, J., dissenting) (citing the Court of Appeals opinion in Smalldridge as a basis for concluding that there was no justification for a finding that the Commissioner was unreasonable in arguing that certain audit examination documents and a notice of deficiency constituted a "return").