Joseph **BASCOM and Ann Pettis-Bascom, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 05-0604-ag.

United States Court of Appeals, Second Circuit.

June 1, 2006.

Joseph Bascom and Ann Pettis–Bascom, Pittsford, NY, pro se.

Eileen J. O'Connor, Assistant Attorney General, Bruce R. Ellisen and Robert J. Branman, Attorneys, Tax Division, Department of Justice, Washington, D.C., for Respondent–Appellee.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JON O. NEWMAN, and Hon. B.D. PARKER, JR., Circuit Judges.

## SUMMARY ORDER

Joseph Bascom and Ann Pettis–Bascom, *pro se*, appeal the decision of the United States Tax Court finding that, as a result of their failure to file tax returns and pay taxes from 1996 to 2000, they had a deficiency of several thousand dollars and owed several thousand dollars more in penalties pursuant to Internal Revenue Code ("IRC") §§ 6651(a)(1) and 6654(a). They also argue that the Tax Court erred in sanctioning Joseph Bascom $7,500 pursuant to IRC § 6673 because his claims were frivolous. We assume the parties' familiarity with the facts and issues on appeal.

This Court reviews the Tax Court's factual findings under a deferential standard and will reverse only if the Tax Court clearly erred in making its findings. *See Andrew Crispo Gallery, Inc. v. Comm'r,* 16 F.3d 1336, 1340–41 (2d Cir.1994). A notice of tax deficiency carries a presumption of correctness that requires the taxpayer to demonstrate that the deficiency is incorrect. *See id.* at 1341. The imposition of sanctions under § 6673 is reviewed for abuse of discretion. *See Burke v. Comm'r,* 929 F.2d 110, 115–16 (2d Cir.1991).

In the present case, the Tax Court correctly upheld the Commissioner's deficiency determinations. As noted by the Tax Court, the Bascoms did not challenge the Commissioner's calculations, and, in fact, stipulated to them. Thus, the Tax Court correctly found that the deficiency determinations should be sustained.

Additionally, the Tax Court did not abuse its discretion by imposing sanctions upon Joseph Bascom for advancing a frivolous argument. Section 6673 provides that the Tax Court may impose sanctions where it finds that "proceedings before it have been instituted or maintained by the taxpayer primarily for delay," or where "the taxpayer's position in such proceeding is frivolous or groundless." 26 U.S.C.A. § 6673(a)(1)(A)-(B). In this case, the Tax Court correctly noted that the claim that income tax was an excise tax had been consistently rejected and was frivolous. *See Cabirac v. Commissioner,* 120 T.C. 163, 167, 2003 WL 1918917 (2003).

We have considered all other arguments and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.