T.C. Memo. 2006-123


UNITED STATES TAX COURT


JOSEPH V. METALLIC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13057-05.                    Filed June 13, 2006.


Joseph V. Metallic, pro se.

Mark A. Ericson, for respondent.


MEMORANDUM OPINION


COHEN, Judge:  This case is before the Court on respondent's Motion for Summary Judgment pursuant to Rule 121.  Respondent determined deficiencies of $15,476, $7,639, and $17,408.10 in petitioner's Federal income taxes for 2001, 2002, and 2003, respectively.  Respondent also determined additions to tax as follows:

| Year | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|------|-----------------|-----------------|-----------|
| 2001 | $3,482.10 | $2,630.92 | $612.43 |
| 2002 | 1,512.23 | 739.31 | 249.55 |
| 2003 | 3,282.55 | 729.46 | 418.27 |

The issues to be decided are whether petitioner had taxable income in the years in issue and whether petitioner is liable for the additions to tax for those years.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Nashua, New Hampshire, at the time that he filed his petition.

In notices of deficiency sent to petitioner, the Internal Revenue Service (IRS) determined from third-party payors that petitioner had income in the amounts of $75,747, $49,512, and $82,150 in 2001, 2002, and 2003, respectively, and that he failed to file Federal income tax returns for each of those years. The IRS determined tax liabilities and additions to tax under section 6651(a)(1) for late filing, section 6651(a)(2) for failure to pay tax, and section 6654(a) for failure to make estimated tax payments for each year.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Petitioner has not identified any facts or evidence that would be presented at trial to controvert the undisputed facts already in the record. See Rule 121(d) (providing, in pertinent part, that a response "must set forth specific facts showing that there is a genuine issue for trial."). Petitioner's request to deny respondent's motion for summary judgment only sets forth additional arguments as to why his income is not taxable. It does not allege any factual errors with regard to the deficiency determinations or additions to tax. See Rule 34(b)(4). We conclude that the material facts are not disputed and that judgment may be rendered as a matter of law.

Section 1 imposes a tax on all taxable income. Section 61(a)(1) includes in gross income "all income from whatever source derived," including compensation for services. Respondent

determined that petitioner's income was taxable income. Petitioner contends that the IRS does not have the "jurisdiction to levy Taxes on Micmacs." Citing the "Watertown Treaty of Alliance" (Watertown Treaty), petitioner argues that the treaty "signed between the MicMac Nation and the United States Government was entered into by two Sovereign Nations" and that nothing in the treaty states that they have to pay taxes.

Native Americans are subject to the same Federal income tax laws as are other U.S. citizens, unless there is an exemption explicitly created by treaty or statute. Squire v. Capoeman, 351 U.S. 1, 6 (1956); Estate of Poletti v. Commissioner, 99 T.C. 554, 557-558 (1992), affd. 34 F.3d 742 (9th Cir. 1994); see Allen v. Commissioner, T.C. Memo. 2006-11; see also Rev. Rul. 2006-20, 2006-15 I.R.B. 746. Any exemption must be based on the clear and unambiguous language of a statute or treaty. Squire v. Capoeman, supra; see Allen v. Commissioner, supra. Petitioner has not shown that the Watertown Treaty specifically exempts any of his compensation. See George v. Commissioner, T.C. Memo. 2006-121.

Respondent determined additions to tax under section 6651(a)(1) for the years in issue. Section 6651(a)(1) provides for an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25 percent. The addition to tax for failure to file is not imposed if it is shown

that the failure to file did not result from willful neglect and was due to reasonable cause. See United States v. Boyle, 469 U.S. 241, 245 (1985). To prove reasonable cause, a taxpayer must show that he or she exercised ordinary business care and prudence but nevertheless could not file the return when it was due. See Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Because petitioner failed to present a reasonable explanation for his failure to file, nor any genuine issue for trial in that regard, summary judgment is also appropriate to sustain respondent's determination with respect to the additions to tax under section 6651(a)(1).

Additionally, respondent determined additions to tax under section 6651(a)(2) for failure to pay tax. Section 6651(a)(2) provides for an addition to tax of 0.5 percent per month up to 25 percent for failure to pay the amount shown on a return. This addition to tax, however, applies only in the case where a return has been filed. See Spurlock v. Commissioner, T.C. Memo. 2003-124; see also Burr v. Commissioner, T.C. Memo. 2002-69; Heisey v. Commissioner, T.C. Memo. 2002-41, affd. 59 Fed. Appx. 233 (9th Cir. 2003). Under section 6651(g)(2), a return the Secretary prepared under section 6020(b) is treated as "the return filed by the taxpayer for purposes of determining the amount of the addition" under section 6651(a)(2). For these purposes, a section 6020(b) return, in the context of section 6651(a)(2) and

(g)(2), "must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a 'return'." Spurlock v. Commissioner, supra; see also Cabirac v. Commissioner, 120 T.C. 163, 170-171 (2003). Respondent has not shown that the requirements under sections 6651(a)(2), (g)(2), and 6020(b) have been satisfied. Therefore, as a matter of law, the motion for summary judgment will not be granted as to this issue and the addition to tax under section 6651(a)(2) cannot be sustained.

Respondent also determined additions to tax under section 6654(a) for failure to pay estimated taxes for the years in issue. Petitioner does not assert that he made any estimated tax payments for the years in issue. In the absence of special exceptions not applicable here, petitioner is liable for this addition to tax for the years in issue, and summary judgment is appropriate to sustain respondent's determination with respect to the additions to tax under section 6654(a). Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

To reflect the foregoing,

An appropriate order and decision will be entered.