T.C. Memo. 2006-241

UNITED STATES TAX COURT

JOHN S. COOPER, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15613-04.                    Filed November 9, 2006.

John S. Cooper, Jr., pro se.

James C. O'Leary, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  Respondent determined an $8,044 deficiency
in petitioner's 2002 Federal income tax and additions to tax
under sections 6651(a)(1)[1] and 6654(a) in the amounts of
$2,059.13 and $268.26, respectively.  Respondent also determined

_____

[1] Section references are to the Internal Revenue Code as
amended and in effect for the period under consideration.  Rule
references are to this Court's Rules of Practice and Procedure.

an addition to tax under sec. 6651(a)(2).  In his petition,
petitioner questioned the entire deficiency, alleging that
respondent was in error and more specifically that respondent's
agent had no authority to conduct an examination and that
petitioner was not afforded due process[2] during the
administrative examination procedures.  Respondent has orally
moved that the Court award sanctions under section 6673, alleging
that petitioner's position is frivolous and interposed merely for
delay.  We consider the following issues in this opinion:  (1)
Whether petitioner has shown that respondent's determination is
in error, and (2) whether petitioner is liable for the additions
to tax under sections 6651(a)(1), 6651(a)(2), and 6654(a); and
(3) whether damages should be awarded under section 6673.

---

[2] Petitioner has not made clear how he was not afforded "due process" or what he means by that term.

FINDINGS OF FACT[3]

Petitioner, had his legal residence in Hyattsville, Maryland, at the time his petition was filed. During 2002 petitioner received wages, in the amount of $51,021 from Equant, Inc. He also received $16 in interest from Washington Gas Light Federal Credit Union. Petitioner did not file a Federal income tax return for the 2001, 2002, or 2003 tax year. On May 28, 2004, respondent mailed to petitioner a statutory notice of deficiency determining an $8,044 income tax deficiency for petitioner's 2002 tax year. In determining the income tax deficiency, respondent afforded petitioner a $4,700 standard deduction, one $3,000 personal exemption, and single filing status to determine the tax rate.

Petitioner did not make any estimated tax payments for 2002, and his Federal income tax withholding was limited to $819 for

---

[3] The parties' stipulation of facts and the exhibits are incorporated by this reference. At trial, petitioner objected to the stipulation of facts that he had entered into some time prior to the scheduled trial date. The stipulation is brief and contains basic information including the notice of deficiency, petitioner's address at the time the petition was filed, and the facts that he received wage and interest income during 2002. Respondent's counsel told petitioner if he did not stipulate the income figures, respondent would call witnesses to testify about those items. Petitioner did not wish having his employer called to testify and agreed to the stipulation. At trial, petitioner, claiming duress, attempted to repudiate his agreement and force respondent to prove the items of income. Under those circumstances, the Court held that petitioner was bound to his stipulation and that respondent would be prejudiced if the stipulation was nullified.

the entire year. Respondent prepared a substitute return for petitioner's 2002 tax year under section 6020(b).

OPINION

The main thrust of petitioner's position is that he owes no tax because "respondent still has yet to identify a statutory duty (obligation) to petitioner, which shows a tax due and owing to the U.S. Treasury." Petitioner also contends that respondent has failed to "show who created the Notice of Deficiency * * *, if the individual had proper authority * * *, or if procedures were followed in determining a deficiency existed."

First we address whether respondent has any burden to show that his determination of the 2002 income tax deficiency is correct.[4] Generally, taxpayers bear the burden of proving that the Commissioner's determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof with respect to a factual issue relevant to liability for tax may shift to respondent where a taxpayer produces credible evidence and certain other statutory requirements are met by the taxpayer. Sec. 7491(a). In this case, petitioner has not produced any credible evidence and has not shown that he meets the statutory criteria for shifting the burden to respondent.

---

[4] Respondent has admitted that he has the burden of production with respect to the additions to tax and penalties. See sec. 7491(c).

Accordingly, petitioner has the burden of showing that respondent's income tax deficiency determination is in error.

Petitioner received income from wages and interest during his 2002 tax year. Petitioner has made several arguments in support of his position that respondent's determination is either erroneous or "fraudulent", but he has stipulated and has not otherwise denied the receipt of the wage and interest income for his 2002 tax year. We note that all of petitioner's arguments are specious and without substance, and many of them have been offered by others who are merely attempting to avoid the payment of Federal tax. Accordingly, we hold that petitioner has not shown that respondent's $8,044 income tax determination is in error.

Next, we consider whether petitioner is liable for additions to tax under section 6651(a)(1) and (2) for failure to file a 2002 income tax return or to pay the tax due for that year. Section 6651(a)(1) provides for an addition to tax for failure to file, unless it is shown that the failure is due to reasonable cause and not due to willful neglect. Similarly, section 6651(a)(2) provides for an addition to tax for failure to pay the amount shown as tax on any return, unless it is shown that the failure is due to reasonable cause and not due to willful neglect.

Respondent has satisfied his burden of production with respect to the addition to tax under section 6651(a)(1) by means of documents and testimony showing that petitioner failed to file a 2002 Federal tax return. In addition, respondent caused to be prepared, for petitioner's 2002 tax year, a substitute return under the criteria of section 6020(b). See Cabirac v. Commissioner, 120 T.C. 163, 170-173 (2003). Accordingly, respondent has met his burden of producing evidence that would support an addition for failure to pay the tax due for that year under section 6651(a)(2). Petitioner presented no evidence showing that his failure to file or pay was due to reasonable cause and not due to willful neglect. As already mentioned, petitioner has advanced several specious arguments as to why he should not have to file or pay tax. None of his arguments suffice to show that he had "reasonable cause" for his failure to file or pay. Accordingly, we hold that petitioner is liable for the additions to tax for failure to file and failure to pay under section 6651(a)(1) and (2), respectively.

Next, we consider whether petitioner is liable for the addition to tax under section 6654(a) for failure to make estimated payments. The required annual payment of estimated tax, as it relates to this case, equals 90 percent of petitioner's tax for 2002. Sec. 6654(d)(1)(B)(i). Petitioner's

income tax deficiency for 2002[5] is $8,044 ("required annual payment"), petitioner's withholding from wages was $819, and he made no payments of estimated tax. Clearly he has not made the required annual payment of the statute. There are other exceptions to the obligation to make estimated tax payments set forth in section 6654, but we do not find that petitioner comes within those exceptions. Accordingly, we hold that petitioner is liable for the section 6654(a) addition to tax for failure to make estimated tax payments.

Finally, we consider respondent's oral motion that sanctions be awarded under section 6673 due to petitioner's advancing frivolous and groundless arguments and/or maintaining this proceeding for delay. On at least two occasions prior to trial, respondent advised petitioner that section 6673 sanctions would be sought in this case. On brief, petitioner contended that his position is not frivolous. He states: "Mere questions about what laws, information, and procedures the respondent relied upon to conclude a deficiency exists [do] not constitute a frivolous position or argument."

Petitioner here has made a concentrated effort to avoid the payment of his Federal tax obligation. He did not file a 2002

---

[5] Other measures of the required annual payment are inapplicable because respondent produced evidence that petitioner failed to file a return for his 2001 and 2002 tax years. See sec. 6654(d)(1)(B)(i) and (ii); Nicholls v. Commissioner, T.C. Memo. 2006-218.

return and his withholding was limited.  Throughout petitioner's dealings with respondent and the Court, he provided nothing but specious and well-worn arguments, all of which represent nothing more that a baseless collateral attack on the real question of whether he had a Federal tax liability for 2002.  The vast majority of petitioner's arguments have already been addressed by this and other courts and are not worthy of further analysis by this Court.  The remainder are irrelevant to the question we consider.

At trial, petitioner attempted to thwart the litigation process by attempting to withdraw from his agreed stipulation at the last minute.  He presented no evidence or meaningful testimony at the trial and merely forced respondent and the Court to the expense and use of time to air his groundless and sophistic technical arguments, all of which were designed to delay the reporting and payment of petitioner's 2002 tax liability.  Taxpayers, who have been issued a notice of deficiency, have a right to avail themselves of this Federal tax forum.  Petitioner, by his failure to present evidence and the frivolousness of his argument has abused that right.  It appears to the Court that the only reason petitioner pursued this litigation is for the purpose of delay.

Under those aggravated circumstances, we hold that petitioner is liable for a $10,000 penalty under section 6673.

To reflect the foregoing,

Order and decision will be

entered for respondent.