T.C. Memo. 2013-46

UNITED STATES TAX COURT

KIRK D. THURMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17514-11.                    Filed February 11, 2013.

Kirk D. Thurman, pro se.

<u>James H. Brunson III</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issues for decision relating to 2006 and 2007 are whether petitioner is liable for income tax deficiencies and for section 6651(a)(1) and (2) additions to tax.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
(continued...)

[*2]                              FINDINGS OF FACT

During 2006 and 2007 (years in issue) petitioner maintained bank accounts with the Coastal Bank and received interest income from these accounts. Petitioner did not file Federal income tax returns relating to the years in issue. On April 25, 2011, respondent issued notices of deficiency relating to the years in issue and determined that petitioner received interest income. Respondent also determined that for each year petitioner was liable for additions to tax pursuant to section 6651(a)(1) and (2). On July 27, 2011, petitioner, while residing in Georgia, filed his petition with the Court.

OPINION

Respondent established that petitioner received $16,132 and $1,821 of interest from the Coastal Bank during 2006 and 2007, respectively. Petitioner failed to present any evidence to rebut respondent's deficiency determinations and concedes that he received interest income during 2006.[2] Accordingly, these amounts are includable in petitioner's gross income. See sec. 61(a). Respondent

---

[1](...continued)
Code in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Sec. 7491(a) is inapplicable because petitioner failed to introduce credible evidence within the meaning of sec. 7491(a)(1).

[*3] further determined that petitioner was liable for additions to tax for each year pursuant to section 6651(a)(1) and (2). Paragraphs (1) and (2) of section 6651(a) provide that a taxpayer shall be liable for additions to tax for failure to timely file a return and failure to timely pay tax, unless it is shown that such failure was due to reasonable cause and not willful neglect. The section 6651(a)(2) addition to tax for failure to pay is applicable only when an amount of tax is shown on a return. See Cabirac v. Commissioner, 120 T.C. 163, 170 (2003).

Petitioner concedes that he did not file a tax return relating to 2006. Pursuant to section 7491(c), respondent bears and has met his burden of production relating to the section 6651(a)(1) addition to tax, and petitioner's failure to timely file a return was a result of willful neglect and was not due to reasonable cause. Respondent bears, but has not met, the burden of producing evidence that it is appropriate to impose a section 6651(a)(2) addition to tax. See sec. 7491(c); Wheeler v. Commissioner, 127 T.C. 200, 209-210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). Respondent failed to establish that he filed a substitute for return relating to petitioner's 2006 tax liability. See sec. 6651(g)(2); Wheeler v. Commissioner, 127 T.C. at 209-210; Cabirac v. Commissioner, 120 T.C. at 170-172. Accordingly, for 2006 petitioner is liable for the section

**[\*4]** 6651(a)(1) addition to tax but is not liable for the section 6651(a)(2) addition to tax.

Petitioner was not required to file a 2007 return because the amount of his gross income (i.e., $1,821), as established by respondent, was less than the section 151 exemption amount. <u>See</u> sec. 6012(a). Accordingly, we reject respondent's section 6651(a)(1) and (2) determinations relating to 2007.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.