T.C. Memo. 2018-138

UNITED STATES TAX COURT

LARRY W. MACDONALD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 5503-16, 17660-16.          Filed August 27, 2018.

Larry W. Macdonald, pro se.

<u>Brenn C. Bouwhuis</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  In notices of deficiency dated February 10, 2016, and May 11, 2016, respectively, respondent determined deficiencies in petitioner's 2013 and 2014 Federal income tax and penalties as follows:

[*2]

| Year | Deficiency | Penalty sec. 6662 |
|------|-----------|-------------------|
| 2013 | $21, 966 | $3,267 |
| 2014 | 40,315 | 7,364 |

The issues for decision are: (1) whether petitioner has unreported wage income of $102,207 for 2013 and $105,496 for 2014; (2) whether petitioner received and failed to report retirement income of $7,500 for 2013 and $53,796 for 2014; (3) whether petitioner is liable for a 10% additional tax under section 72(t) of $750 for 2013 and $5,379 for 2014; (4) whether petitioner is liable for a section 6662(a) accuracy-related penalty for both taxable years; and (5) whether petitioner is liable for a section 6673 penalty.[1]

FINDINGS OF FACT

Petitioner refused to stipulate any facts or documents. At the time the petitions were filed, petitioner resided in the State of Utah. During the years at issue, petitioner, an engineer, was employed by Wencor LLC (Wencor) and was paid wages in exchange for his services of $102,207 for 2013 and $105,496 for

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the years at issue. Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*3] 2014, which were reported on Forms W-2, Wage and Tax Statement. Petitioner also received distributions from an individual retirement account (IRA) held by Utah Community Credit Union of $7,500 for 2013 and $53,796 for 2014, which were reported on Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.

For each of 2013 and 2014, petitioner timely filed Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, reporting zero income and zero tax liability. Petitioner prepared and filed with each return a substitute Form W-2 and a corrected Form 1099-R indicating that he had zero in wages and zero in taxable retirement income. In December 2016 petitioner submitted a Form 1040X, Amended U.S. Individual Income Tax Return, for 2014. On that Form 1040X petitioner reported all of the income listed on the notice of deficiency for 2014, reported the 10% early distribution additional tax under section 72(t), and claimed various deductions.[2]

Respondent determined a frivolous return penalty for these years that was abated after petitioner and his wife submitted the Form 1040X for 2014.

---

[2] This Form 1040X was attached as an exhibit to respondent's Motion to Impose Sanctions Under Section 6673(a)(1), filed April 9, 2018, but was not a trial exhibit.

**[\*4]** Petitioner then rejected the position he had taken on that Form 1040X and before us takes the position that he is not subject to tax.

Respondent's notices of deficiency determined that petitioner was (1) taxable on the wages he received from Wencor in 2013 and 2014 of $102,207 and $105,496, respectively; (2) taxable on retirement distributions he received from Utah Community Credit Union in 2013 and 2014 of $7,500 and $53,796, respectively; (3) liable for a 10% additional tax under section 72(t) for the retirement distributions in 2013 and 2014 of $750 and $5,379, respectively; and (4) liable for an accuracy-related penalty under section 6662(a) for 2013 and 2014 of $3,267 and $7,364, respectively.

The examining agent's immediate supervisor approved the section 6662(a) penalties in writing by making an entry in the Correspondence Examination Automation Case Support Notes on April 29, 2015, with respect to 2013, and March 7, 2016, with respect to 2014.

At the end of trial respondent filed a Motion to Impose Sanctions Under Section 6673(a)(1), which we took under advisement. Petitioner also renewed his motion for default judgment (before trial we had denied a written motion for default and dismissal) and after trial submitted a memorandum in support of that motion.

[*5]                                    OPINION

I.  Burden of Proof

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, if the Commissioner raises a new issue or seeks an increase in the deficiency, the Commissioner bears the burden of proof as to the new issue or the increased deficiency.  See Rule 142(a)(1).

The record establishes, and petitioner concedes, that he received payments for services provided to Wencor and retirement distributions from Utah Community Credit Union.  Petitioner does not dispute the amounts he received either.  He disputes only the characterization of these payments as taxable income. Because petitioner raises only legal issues, we decide whether he is liable for the deficiencies at issue without regard to the burden of proof.[3]

II.  Taxable Income

Section 61(a) provides that "gross income means all income from whatever source derived," including compensation for services.  Gross income also includes distributions from a qualified retirement plan for the year of distribution under the

---

[3] We address the burden with respect to the accuracy-related penalties in section IV below.

**[\*6]** provisions of section 72. Secs. 61(a)(10), 408(d); see Sears v. Commissioner, T.C. Memo. 2010-146. As noted above, petitioner does not dispute that he received wages in exchange for services he provided to Wencor in 2013 and 2014, and he does not dispute that he received distributions from his IRA. Rather, he argues that the payments are not taxable income. He also argues that he has not engaged in any of the sorts of activities that are subject to tax and is not the type of taxpayer that is subject to tax. In a previous case before this Court at docket No. 1016-16 petitioner made these same arguments. We dismissed that case for failure to state a claim and warned petitioner that his arguments were frivolous and have been rejected by this and other courts.

Petitioner's arguments have not changed, and we again reject them. In general, we do not address frivolous arguments "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see, e.g., Cabirac v. Commissioner, 120 T.C. 163 (2003), aff'd without published opinion, 2004 WL 7318960 (3d Cir. 2004); Rowlee v. Commissioner, 80 T.C. 1111, 1120 (1983) (rejecting the taxpayer's claim that he is not a "person liable" for tax); Waltner v. Commissioner, T.C. Memo. 2014-35 (laying out and

**[*7]** rejecting a litany of frivolous positions), aff'd, 659 F. App'x 440 (9th Cir. 2016). Petitioner is subject to tax under the Internal Revenue Code.

Therefore we find that petitioner received taxable wages from Wencor and taxable distributions from Utah Community Credit Union, and we sustain respondent's determination that those amounts are includable in his gross income for 2013 and 2014.

III. Additional Tax on Early Retirement Plan Distributions

Section 72(t)(1) imposes a 10% additional tax on early distributions from a qualified retirement plan, including an IRA. See sec. 4974(c). Petitioner conceded that he received the distributions and presented no evidence or argument that the amounts should be excepted from the additional tax under section 72(t)(1) for either year. We therefore sustain respondent's determination.

IV. Section 6662(a) Penalty

Section 6662(a) and (b)(2) imposes an accuracy-related penalty equal to 20% of the portion of an underpayment of tax required to be shown on a return that is attributable to a "substantial understatement of income tax." An understatement of income tax is "substantial" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d).

**[\*8]**   The Commissioner bears the burden of production with respect to a taxpayer's liability for accuracy-related penalties, requiring the Commissioner to come forward with sufficient evidence indicating that imposition of the penalties is appropriate.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  In addition, as part of that burden the Commissioner must show that he complied with the procedural requirements of section 6751(b)(1) for the section 6662(a) accuracy-related penalty imposed.  See sec. 7491(c); Graev v. Commissioner (Graev III), 149 T.C. __, __ (slip op. at 13-14) (Dec. 20, 2017), supplementing and overruling in part 147 T.C. 460 (2016).  Section 6751(b) requires the Commissioner to show that penalties assessed under section 6662 were "personally approved (in writing) by the immediate supervisor of the individual making such determination".  See Graev III, 149 T.C. at __ (slip op. at 13-14).

Once the Commissioner satisfies the burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination as to the application of penalties is incorrect or that the taxpayer has an affirmative defense such as reasonable cause.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

**[*9]** Petitioner reported liabilities of zero on his returns for 2013 and 2014, so his understatements of income tax equal the deficiencies in tax we found above of $21,966 for 2013 and $40,315 for 2014 and therefore are 100% of the tax he was required to show on each return. We hold that respondent has met his burden on the basis of those computations and the notation in the Correspondence Examination Automation Case Support Notes regarding approval of those penalties. Therefore the burden shifts to petitioner to demonstrate that respondent's penalty determinations were incorrect, for example, because there was reasonable cause for any portion of either underpayment and he acted in good faith. See sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 446-447.

The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's efforts to assess the proper tax liability. Id.; see Halby v. Commissioner, T.C. Memo. 2009-204. We also consider the taxpayer's experience, knowledge, and education. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner has not shown reasonable cause for the underpayments of tax. He offered only frivolous arguments to justify them. We therefore hold that petitioner

**[*10]** is liable for the penalty for an underpayment attributable to a substantial understatement of income tax under section 6662(a) and (b)(2) for each year.

V.  Section 6673 Sanction

Respondent moved that the Court impose sanctions against petitioner pursuant to section 6673(a)(1).  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

We warned petitioner in several orders prior to trial about the possibility of this penalty's being imposed, and we note that petitioner was warned in his prior case in this Court that his arguments lack merit.  We even warned petitioner at trial that we would take into account everything he said when we considered respondent's motion.  Notwithstanding that warning, petitioner filed a memorandum after trial that repeated the same rejected arguments.  Therefore, we will grant respondent's motion and impose a penalty of $5,000 under section 6673(a)(1) on petitioner.  We again warn petitioner that if he does not abandon his misguided positions--e.g., that his wages received for services and retirement distributions are not taxable income, even though reported to him as such, and that

**[\*11]** he is not required to file timely and proper tax returns or pay taxes when due--a greater penalty may be imposed in future cases before this Court.

We have considered petitioner's remaining arguments, and we conclude that they also are frivolous and devoid of any basis in law. See Crain v. Commissioner, 737 F.2d at 1417; Wnuck v. Commissioner, 136 T.C. 498 (2011).

To reflect the foregoing,

Appropriate orders and

decisions will be entered.