# United States Tax Court

T.C. Summary Opinion 2023-5

FRANCIS KEMEGUE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 8987-20S.                    Filed February 13, 2023.

————

*Elizabeth W. Segovis*, for petitioner.

*Xheni D. Gallagher* and *Clara L. Raymond*, for respondent.


SUMMARY OPINION

CARLUZZO, *Chief Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated February 18, 2020, respondent determined a deficiency in petitioner's 2017 federal income tax and imposed an addition to tax for failure to file pursuant to section 6651(a)(1), an addition to tax for failure to pay pursuant to section 6651(a)(2), and an addition to tax for failure to pay proper estimated tax pursuant to section 6654. Petitioner has conceded that he is liable for a deficiency in an amount set forth in the parties' Stipulation of Settled

_____

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Issues. Respondent has conceded that petitioner is not liable for an addition to tax pursuant to section 6654. The issue remaining for decision is whether petitioner is liable for additions to tax pursuant to section 6651(a)(1) and (2).

*Background*

Petitioner resided in Massachusetts when he timely filed his Petition. During 2017 he lost his job and experienced multiple personal and professional setbacks. In April 2018, petitioner timely requested an extension for filing his 2017 tax return until October 2018. He did not, however, file a tax return for 2017. Respondent subsequently prepared a substitute for return for petitioner for 2017 on the basis of third-party reporting. *See* § 6020(b). Petitioner did not pay the 2017 income tax liability shown on respondent's substitute for return.

*Discussion*

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return, determined with regard to any extension of time for filing, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Section 6651(a)(2) provides for an addition to tax for failure to timely pay the amount of tax shown on a return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Under section 7491(c), the Commissioner bears the burden of production with respect to additions to tax, and petitioner does not suggest that respondent has failed to satisfy that burden. If the Commissioner meets the burden, the taxpayer has the burden of providing that failure to timely file or pay was due to reasonable cause and not willful neglect. *See* § 6651(a)(1) and (2); *Higbee v. Commissioner*, 116 T.C. 438, 447 (2001).

Whether "reasonable cause" and lack of "willful neglect" exist is a question of fact, and the burden of establishing these facts is on the taxpayer. *United States v. Boyle*, 469 U.S. 241, 245 (1985). To prove reasonable cause for a failure to timely file, the taxpayer must show that he or she exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time. *Crocker v. Commissioner*, 92 T.C. 899, 913 (1989); Treas. Reg. § 301.6651-1(c)(1). A taxpayer may have reasonable cause for failure to timely file a return where he or she experiences an illness or incapacity that prevents him or her from filing the return. *Boyle*, 469 U.S. at 248 n.6; *Jordan v. Commissioner*, T.C. Memo. 2005-266.

Petitioner testified to the professional and personal difficulties he experienced following the loss of his job in 2017.  He did not, however, offer any explanation or evidence of any specific incapacity or illness during the time for filing his return; on the contrary, he testified to his efforts to seek other employment, including traveling to other states and trying to start his own business.  Petitioner has not shown reasonable cause for his failure to file his 2017 return and is liable for the addition to tax pursuant to section 6651(a)(1) for the year in issue.

When a taxpayer has not filed a return, the section 6651(a)(2) addition to tax may not be imposed unless the Secretary has prepared a substitute for return.  *See Wheeler v. Commissioner*, 127 T.C. 200, 210 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008).  Respondent introduced into evidence a substitute for return for 2017 that satisfies section 6020(b).  *See Cabirac v. Commissioner*, 120 T.C. 163, 170–72 (2003), *aff'd per curiam without published opinion*, No. 03-3157, 2004 WL 7318960 (3d Cir. Feb. 10, 2004).

Petitioner does not dispute that he failed to pay his federal income tax obligation for 2017.  He has not shown reasonable cause and is liable for the addition to tax pursuant to section 6651(a)(2).

To reflect the foregoing,

*Decision will be entered under Rule 155.*