T.C. Memo. 2008-142

UNITED STATES TAX COURT

MICHAEL CABIRAC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24207-06.                    Filed May 22, 2008.

Michael Cabirac, pro se.

James H. Harris, Jr., for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The issues for decision are whether
petitioner is liable for income tax deficiencies attributable to
unreported income, for sections 6651(a)(1)[1] and (2) and 6654(a)

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

additions to tax, for a section 6662(a) penalty, and for a section 72(t) additional tax.

FINDINGS OF FACT

Beginning in 2001, petitioner worked for United States Liability Insurance Co. (USLIC) as an insurance underwriter. In 2002 and 2003, USLIC paid petitioner $68,115 and $77,546, respectively, and issued Forms W-2, Wage and Tax Statement, reflecting those amounts. In 2002, petitioner also received from National Financial Services, L.L.C. retirement distributions totaling $5,500.

Petitioner did not file an income tax return relating to 2001. In 2003, respondent prepared a substitute for return (SFR) relating to petitioner's 2001 taxable year. On September 14, 2004, petitioner submitted Forms 1040, U.S. Individual Income Tax Return, relating to 2002 and 2003. On the 2002 Form 1040, petitioner reported zero income and zero tax liability, and requested an $8,610 refund. Respondent did not accept the 2002 Form 1040 as a valid return, and prepared an SFR which set forth a tax liability of $15,758. On the 2003 Form 1040, petitioner reported zero income and zero tax liability and requested a refund of $10,010. Respondent processed the 2003 Form 1040.

On August 23, 2006, respondent issued petitioner notices of deficiency relating to 2002 and 2003 determining income tax deficiencies of $15,758 and $14,613, respectively. Respondent

also determined that petitioner was liable for a section 6651(a)(1) addition to tax for failure to timely file tax returns relating to 2002 and 2003, a section 6651(a)(2) addition to tax for failure to pay relating to 2002 and 2003, a section 6654(a) addition to tax for failure to pay estimated tax relating to 2002, a section 6662(a) accuracy-related penalty for underpayment of tax relating to 2003, and a section 72(t) additional tax for retirement plan distributions relating to 2002.

On November 24, 2006, petitioner, while residing in Pennsylvania, filed his petition.

## OPINION

Petitioner concedes that in 2002 and 2003, respectively, he received $68,115 and $77,546 from USLIC, and in 2002 received distributions totaling $5,500 from National Financial Services, L.L.C. Petitioner raised numerous meritless contentions and failed to present any credible evidence.[2] Accordingly, petitioner is liable for the deficiencies.

A taxpayer shall be liable for additions to tax for failure to timely file a return unless such failure was due to reasonable cause and not willful neglect. Sec. 6651(a)(1). Petitioner submitted both his 2002 and 2003 Forms 1040 on September 14, 2004. Pursuant to section 7491(c), respondent bears and has met

---

[2] Sec. 7491(a) is inapplicable because petitioner failed to introduce credible evidence within the meaning of sec. 7491(a)(1).

his burden of production relating to section 6651(a), and petitioner's failure to timely file returns was a result of willful neglect and not reasonable cause. Accordingly, petitioner is liable for the section 6651(a)(1) additions to tax.

The section 6651(a)(2) addition to tax for failure to pay is applicable only when an amount of tax is shown on a return. Cabirac v. Commissioner, 120 T.C. 163, 170 (2003). On the 2002 SFR, which was prepared in conformity with the requirements of section 6020(b), respondent calculated and reported a tax liability of $15,758. On his 2003 Form 1040, petitioner reported a zero tax liability. Pursuant to section 7491(c), respondent bears and has met the burden of production relating to section 6651(a)(2) relating to 2002. With respect to 2002, petitioner is liable for the section 6651(a)(2) addition to tax based on the amount of tax shown on the 2002 SFR. With respect to 2003, however, we reject respondent's determination because there is no tax liability reported on petitioner's Form 1040, which respondent accepted as a valid return.

Unless one of the section 6654(e) exceptions applies, a section 6654(a) addition to tax is imposed when estimated tax payments do not equal the percentage of total liability required to be paid. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). In order to satisfy his burden of production, respondent, at a minimum, must establish that petitioner was

required to make an annual payment. Secs. 7491(c),
6654(d)(1)(B); <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 211 (2006),
affd. 521 F.3d 1289 (10th Cir. 2008). The required annual
payment is generally equal to the lesser of 90 percent of the tax
shown for the subject taxable year (or, if no return is filed, 90
percent of the tax for such year) or 100 percent of the tax shown
on the taxpayer's return for the preceding year. Sec.
6654(d)(1)(B)(i) and (ii).

Pursuant to the SFRs prepared by respondent, petitioner was
required to make an annual payment relating to 2002. Petitioner
does not meet the requirements of any exceptions to section 6654.
See sec. 6654(e). Accordingly, we sustain the addition to tax
relating to 2002. Pursuant to section 6654(g), petitioner is,
however, entitled to a credit for the Federal income tax withheld
from his wages. See <u>Bagby v. Commissioner</u>, 102 T.C. 596, 613
(1994).

Respondent determined that petitioner is liable for a
section 6662(a) accuracy-related penalty for the underpayment of
tax relating to 2003. Petitioner earned $77,546 in 2003, yet
reported zero income and zero tax liability. In short, he made
no attempt to comply with the Internal Revenue Code.
Accordingly, petitioner is liable for the section 6662 penalty.

In 2002, petitioner received distributions from a retirement
plan. Pursuant to section 72(t), a 10-percent additional tax is

imposed upon such distributions unless the distributions meet the requirements of one of the exceptions enumerated in section 72(t)(2).  Sec. 72(t)(1) and (2); see also <u>Dwyer v. Commissioner</u>, 106 T.C. 337 (1996).  The distributions do not meet any of those exceptions.  Accordingly, petitioner is liable for the additional tax.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.