T.C. Memo. 2012-137

UNITED STATES TAX COURT

KEVIN A. HOLLOWAY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7850-10.                          Filed May 16, 2012.

Kevin A. Holloway, pro se.

Joline M. Wang, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, Judge:  By four separate notices of deficiency issued to petitioner on December 28, 2009, respondent determined the following Federal income tax deficiencies and additions to tax:

| | | Additions to tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2)[1] | Sec. 6654(a) |
| 2003 | $3,966 | $892.35 | $991.50 | $102.34 |
| 2004 | 4,306 | 968.85 | 1,076.50 | 123.42 |
| 2005 | 5,134 | 1,155.15 | 1,103.81 | 205.93 |
| 2006 | 2,934 | 614.93 | 423.62 | 128.28 |

[1]The amounts of any additions to tax under sec. 6651(a)(2) will be determined pursuant to sec. 6651(a)(2), (b), and (c).

The issues for decision are whether petitioner is liable for the deficiencies in Federal income tax for 2003 through 2006 (tax years at issue), and whether he is liable for additions to tax under sections 6651(a)(1) and (2) and 6654(a).[1]

FINDINGS OF FACT

The parties have stipulated some of the facts, which are incorporated herein by this reference. Petitioner resided in Kansas when the petition was filed.

Petitioner did not file Federal income tax returns for the tax years at issue, and he did not file a return for the 2002 tax year.[2] During 2003 through 2006,

[1]All section references are to the Internal Revenue Code in effect for the tax years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]Respondent provided a Form 3050, Certification of Lack of Record, for petitioner for taxable year 2002, demonstrating that he never received a return from petitioner.

however, petitioner was employed as a truck driver by Pacific Freight Express, Inc. (Pacific Freight), and by B&B Delivery Enterprise, LLC, also known as B&B Transfer.[3]

Respondent used petitioner's Forms W-2, Wage and Tax Statement, issued by Pacific Freight and Oasis Outsourcing III, Inc. (Oasis Outsourcing), to prepare a section 6020(b) substitute for return for each tax year at issue.[4] The substitutes for returns prepared on petitioner's behalf included the following: (1) Forms 13496, IRC Section 6020(b) Certification, which were signed by an authorized IRS employee, (2) Forms 886-A, Explanation of Items, and (3) Forms 4549, Income Tax Examination Changes. Except for $201 of income tax withheld by Oasis Outsourcing for 2006, no further income taxes were withheld from petitioner's wages, nor did he make any estimated tax payments, subsequent payments, or deposits of any kind with respect to his income tax liabilities for 2003 through 2006.

---

[3]Petitioner's employment with Pacific Freight ended in July 2006; petitioner started to work for B&B Transfer in September 2006. In 2006 petitioner received $19,752.20 in wages from Pacific Freight Express, Inc., and $10,757.25 in wages from B&B Delivery Enterprise, LLC, for a total of $30,509.45.

[4]The Forms W-2 show that petitioner received wages for 2003 through 2006 in the following amounts: $36,440.35, $38,238.33, $42,088, and $30,509.45, respectively. Oasis Outsourcing was B&B Transfer's payroll service provider.

Relying on the substitutes for returns, respondent issued four separate notices of deficiency to petitioner for the tax years at issue. In the notices of deficiency, each dated December 28, 2009, respondent determined Federal income tax deficiencies and additions to tax in the amounts listed above. On April 5, 2010, petitioner timely filed a petition seeking redetermination.

OPINION

Petitioner stipulated that he did not file tax returns for the tax years at issue, and he does not deny receiving wages for those years. Rather, petitioner believes that he did not have to file income tax returns because the Internal Revenue Service (IRS) failed to respond to his letters challenging the taxability of his income. Petitioner also argues that the IRS lacks authority to prepare substitutes for returns and, without a return, there is no basis for an income tax deficiency. Alternatively, petitioner claims that the substitutes for returns are defective and do not constitute returns for purposes of section 6012.

The first issue for decision is whether petitioner is liable for the deficiencies for the tax years at issue. The taxpayer generally bears the burden of proving that the Commissioner's determinations in a notice of deficiency are incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). If, however, the taxpayer introduces credible evidence with respect to a factual issue relevant to ascertaining

the taxpayer's liability for tax and meets other requirements, the Commissioner has the burden of proof with respect to such issue. Sec. 7491(a). On the basis of the record, the Court concludes that petitioner has not met the requirements of section 7491 and, as a result, the burden of proof remains with him.

Section 61 provides that gross income includes all income from whatever source derived and, in section 61(a)(1), specifically lists compensation for services. Compensation is defined to include wages, salaries, and bonuses. Sec. 1.61-2(a)(1), Income Tax Regs. Because there is no dispute that petitioner received wages from Pacific Freight in 2003 through 2006 and from B&B Transfer in 2006, petitioner had gross income for the tax years at issue.

Individuals who have gross income that exceeds the threshold amount specified by section 6012(a) must file an income tax return. Sec. 6012(a). Petitioner's gross income exceeded the section 6012(a) amount for the tax years at issue, and, as a result, petitioner was required to file a tax return for each year. Silence in response to petitioner's letters questioning the taxability of his income did not, as he claims, relieve him from his obligation to file tax returns. See sec. 6012(a)(1).

When a taxpayer does not file a tax return, the IRS may create a substitute for return. Sec. 6020(b). This means, contrary to petitioner's assertion, that the IRS has authority to prepare a substitute for return for anyone who fails to file a return. See Millsap v. Commissioner, 91 T.C. 926, 931 (1988). Moreover, such a return, once made, "shall be prima facie good and sufficient for all legal purposes." Sec. 6020(b)(2).

To constitute a section 6020(b) substitute for return, the "return must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a 'return'." Spurlock v. Commissioner, T.C. Memo. 2003-124; see also, e.g., Cabirac v. Commissioner, 120 T.C. 163, 171 (2003); sec. 301.6020-1(b)(2), Proced. & Admin. Regs. The substitutes for returns prepared on petitioner's behalf included a Form 13496, which was signed by an authorized IRS employee and contained petitioner's name, his Social Security number, and sufficient information from which to compute his tax liability for the tax years at issue. Thus, the substitutes for returns were not defective but valid for purposes of calculating petitioner's income tax deficiencies for the tax years at issue.

The second issue for decision is whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654(a). Under section 7491(c), the

Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amount. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). To meet the burden of production, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty. Id. The burden of proof remains on the taxpayer with respect to issues such as reasonable cause or substantial authority. Id.

Section 6651(a)(1) imposes an addition to tax on taxpayers who fail to file a timely tax return for any given tax period. When a taxpayer's failure to timely file is due to reasonable cause and not willful neglect, an addition to tax will not be imposed. Sec. 6651(a); see United States v. Boyle, 469 U.S. 241, 245 (1985). Respondent introduced evidence that petitioner did not file income tax returns for 2003 through 2006, and petitioner stipulated that he did not file these returns. Respondent has therefore met the burden of production under section 7491(c) with respect to the section 6651(a)(1) addition to tax.

Petitioner's claim that he was excused from filing returns for the tax years at issue is not credible. Contrary to petitioner's understanding of the Internal Revenue Code, the obligation to file returns is based on receipt of gross income, such as wages. See sec. 6012(a). Petitioner, by his own admission, received wages during the tax years at issue and was therefore required to file returns reporting those

wages.  Petitioner has therefore not shown reasonable cause for his failure to file, and the Court sustains the section 6651(a)(1) additions to tax.

Section 6651(a)(2) imposes an addition to tax on taxpayers for their failure to pay the amount of tax shown on a return.  The addition to tax under section 6651(a)(2) applies only when an amount of tax is shown on a return.  Cabirac v. Commissioner, 120 T.C. at 170.  A substitute for return prepared by the Secretary under section 6020(b) is treated as a return filed by the taxpayer for purposes of section 6651(a)(2).  Sec. 6651(g)(2); see also, e.g., Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

As discussed above, respondent introduced evidence that substitutes for returns satisfying the requirements of section 6020(b) were made.  Therefore, returns showing petitioner's tax liabilities for 2003 through 2006 were filed for purposes of section 6651(a)(2).  Respondent also introduced official transcripts which show that, other than the $201 withheld by Oasis Outsourcing for 2006, no deposits or payments were made on petitioner's accounts.  In addition, petitioner stipulated that he did not make any payments toward his Federal income tax liabilities for the tax years at issue.  Respondent has therefore satisfied the burden of production under section 7491(c) with respect to the section 6651(a)(2) addition to tax.  Petitioner did not introduce evidence to show that this failure to pay was due to

reasonable cause. The Court therefore finds that petitioner did not make any payments other than the $201 toward his tax liability for the tax years at issue and, consequently, sustains the additions to tax under section 6651(a)(2).

Section 6654(a) imposes an addition to tax for a taxpayer's failure to pay estimated income tax. The addition to tax is calculated with reference to four installment payments each equal to 25% of the required annual payment. Sec. 6654(c)(1), (d)(1)(A). The annual payment is the lesser of (1) 90% of the tax shown on the return for the taxable year (or, if no return is filed, 90% of the tax for such year), or (2) 100% of the tax shown on the taxpayer's return for the preceding taxable year. Sec. 6654(d)(1)(B).

For the tax years at issue respondent introduced evidence to prove that petitioner had Federal income tax liabilities, petitioner was required to file Federal income tax returns, petitioner did not file returns, and petitioner did not make any estimated tax payments. Respondent also introduced evidence that petitioner did not file a return for the 2002 tax year. Therefore, respondent met his burden under section 7491(c) to show that, for each tax year at issue, petitioner had a required annual payment under section 6654(d)(1)(B) but did not make any estimated tax payments.

Petitioner failed to introduce any evidence to show that he did not have required annual payments for the tax years at issue. Moreover, petitioner stipulated that he did not make any estimated tax payments. In his filings with the Court petitioner did not allege that any of the statutory exemptions under section 6654(e) apply. Petitioner is therefore liable for the section 6654(a) additions to tax.

The Court has considered all arguments the parties have made, and to the extent not discussed herein, we find that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.