T.C. Memo. 2014-127

UNITED STATES TAX COURT

JOHN K. KINUTHIA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19988-11.                       Filed June 24, 2014.

John K. Kinuthia, pro se.

<u>Wanda M. Cohen</u> and <u>Stephen R. Doroghazi</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined deficiencies, additions to tax, and

penalties for 2008 and 2009 as follows:

[*2]

|  |  | Additions to tax | | Penalty |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6662(a) |
|------|-----------|-----------------|-----------------|--------------|
| 2008 | $98,272 | --- | --- | $19,654.40 |
| 2009 | 14,504 | $3,263.40 | $2,742.52 | --- |

After concessions[1] the issues for decision are:

(1) whether petitioner is entitled to his claimed deductions from Schedule C, Profit or Loss From Business, for 2008. We hold that he is not;

(2) whether petitioner failed to report $253,945 and $56,336.91 of income for 2008 and 2009, respectively. We hold that he did;

(3) whether petitioner is liable for additions to tax under section 6651(a)(1) and (2) for 2009.[2] We hold that he is; and

(4) whether petitioner is liable for an accuracy-related penalty under section 6662(a) for 2008. We hold that he is.

---

[1]Respondent agreed to reduce the 2008 deficiency to $87,231 and the 2008 penalty to $17,446.20. He also agreed to reduce the 2009 deficiency to $11,294 and the 2009 penalty under section 6651(a)(1) to $2,682.90.

[2]All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[*3]                          FINDINGS OF FACT

Petitioner resided in Texas when he filed his petition.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2008, but he did not file a return or pay taxes for 2009.  Pursuant to section 6020(b) respondent prepared a substitute for return (SFR) for him.

On his 2008 Schedule C, petitioner claimed deductions related to his single-member limited liability company, CIO ASAP, LLC.  He deducted car and truck expenses, meals and entertainment expenses, depreciation, insurance expenses, travel expenses, and other expenses.  The aggregate amount of the deductions he claimed exceeded the gross receipts he reported; thus, petitioner reported no tax liability for 2008.

Respondent conducted a bank deposits analysis and determined that petitioner had made aggregate deposits of $253,945 and $56,336.91 in 2008 and 2009, respectively.  Respondent determined the deposits represented unreported income for 2008 and 2009 to the extent they exceeded the amounts petitioner reported.  On the basis of his findings, respondent issued petitioner a notice of deficiency for 2008 and 2009.  Petitioner timely petitioned this Court.

This case was originally set for trial on January 14, 2013, but was continued to allow petitioner time to have subpoenas served on his many banking

**[\*4]** institutions. Petitioner received his bank records, and the parties agreed that on March 20, 2013, petitioner would meet with the Appeals officer to review the documents. Before the meeting could take place, petitioner called the Appeals officer and canceled it. Over the next few months respondent had an increasingly difficult time contacting petitioner. This case was set for trial on January 6, 2014, but petitioner did not appear. Respondent filed a motion to dismiss for lack of prosecution. We denied the motion because petitioner had offered a stipulation of facts sufficient to allow us to address the merits of his case.

OPINION

I. Burden of Proof

Generally, taxpayers bear the burden of proving, by a preponderance of the evidence, that the determinations of the Commissioner in a notice of deficiency are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and taxpayers bear the burden of proving their entitlement to any deductions they claim. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). When the Commissioner has alleged that a taxpayer failed to report income and produced evidence connecting the taxpayer with the alleged unreported income, the taxpayer bears the burden of disproving the allegation. See Portillo v. Commissioner, 932

[*5] F.2d 1128, 1133-34 (5th Cir. 1991), aff'g in part, rev'g in part T.C. Memo. 1990-68. Section 7491(a) shifts the burden of proof to the Commissioner if the taxpayer produces credible evidence on any factual issue and satisfies the requirements of section 7491(a)(2).

Respondent determined that petitioner made bank deposits during the years in issue in excess of the amounts of taxable income he reported for those years. Accordingly, respondent has presented evidence sufficient to connect petitioner with the unreported income alleged here. Petitioner has not provided credible evidence to support his positions, nor has he otherwise met the requirements of section 7491(a)(2). Consequently, petitioner has the burden of proving both that he is entitled to the deductions he claimed and that he did not fail to report income.

II. Substantiation of Business Expenses

Section 162(a) provides a deduction for certain business-related expenses. Taxpayers must maintain records sufficient to substantiate section 162 deductions they claim. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd, 540 F.2d 821 (5th Cir. 1976); see also sec. 1.6001-1(a), (e), Income Tax Regs.

Despite numerous opportunities to do so, petitioner has not provided any documents to substantiate the deductions respondent disallowed. In fact, at no

**[\*6]** point has petitioner even challenged these disallowances. Petitioner has made numerous allegations regarding respondent's conduct, but he has continually failed to present any evidence or argument regarding his tax liabilities. Therefore, we hold that petitioner is not entitled to the deductions he claimed for 2008, because he failed to carry his burden of proving that respondent's determinations are incorrect.

## III. Unreported Income

Section 61 defines gross income as income from whatever source derived. The concept of income under section 61 is broad given Congress' desire to "tax all gains except those specifically exempted." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955); Ireland v. Commissioner, 621 F.2d 731, 734-735 (5th Cir. 1980). Section 6001 requires all taxpayers to maintain sufficient records to determine their correct tax liabilities. When taxpayers fail to keep adequate books and records, the Commissioner may reconstruct income using a method that clearly reflects the full amount of their income. Sec. 446; Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); see also Miller v. Commissioner, 237 F.2d 830, 838 (5th Cir. 1956), aff'g in part, rev'g in part T.C. Memo. 1955-112. The reconstruction need only be reasonable in the light of all surrounding facts

[*7] and circumstances.  Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970);

Schroeder v. Commissioner, 40 T.C. 30, 33 (1963).

Respondent used the bank deposits method to reconstruct petitioner's

income for 2008 and 2009.  Courts have long accepted the bank deposits method.

Clayton v. Commissioner, 102 T.C. 632, 645 (1994).  Bank deposits are prima

facie evidence of income, Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), and

the taxpayer has the burden of showing that any bank deposit is not income,

Estate of Mason v. Commissioner, 64 T.C. 651, 657 (1975), aff'd, 566 F.2d 2 (6th

Cir. 1977).  The bank deposits method assumes that all money deposited in a

taxpayer's bank account during a given period constitutes taxable income, but the

Government must take into account any nontaxable source or deductible expense

of which it has knowledge.  DiLeo v. Commissioner, 96 T.C. 858, 868 (1991),

aff'd, 959 F.2d 16 (2d Cir. 1992).

Using the bank deposits method, respondent determined that petitioner had

received gross income of $253,945 in 2008 and $56,336.91 in 2009.  Petitioner

reported income of only $69,755 for 2008, did not file for 2009, and failed to

present any evidence or argument demonstrating inaccuracies in respondent's

determinations.  Petitioner has not carried his burden of proving that the bank

**[*8]** deposits respondent identified were not taxable income. Accordingly, we sustain respondent's determinations of unreported income.

IV. Additions to Tax and Penalties

A. Burden of Proof

The Commissioner bears the burden of production on the applicability of additions to tax and penalties. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets this burden, the taxpayer bears the burden of proving that the additions to tax and penalties are inappropriate because of reasonable cause or otherwise. Higbee v. Commissioner, 116 T.C. at 446-447.

B. Additions to Tax

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect.[3] Respondent imposed on petitioner an addition to tax for failing to file his 2009 income tax return. The parties stipulated that petitioner

_____

[3]The addition to tax is equal to 5% of the amount of the tax required to be shown on the return if the failure to file is not for more than one month. An additional 5% is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25% of the tax. The addition to tax is imposed on the net amount due. Sec. 6651(a)(1) and (b); Cabirac v. Commissioner, 120 T.C. 163, 168 n.9 (2003).

[*9] failed to file his 2009 tax return. Accordingly, we conclude that respondent has produced sufficient evidence to show that the section 6651(a)(1) addition to tax is appropriate unless petitioner proves that his failure to file was due to reasonable cause. Petitioner has not produced any evidence demonstrating that his failure to file was due to reasonable cause. Therefore, we hold petitioner liable for the section 6651(a)(1) addition to tax.[4]

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a taxpayer's Federal income tax return.[5] Section 6651(a)(2) applies only when an amount of tax appears on the taxpayer's return. Cabirac v. Commissioner, 120 T.C. 163, 170 (2003); Kinslow v. Commissioner, T.C. Memo. 2002-313.

As stated, petitioner did not file a return for 2009; however, respondent prepared a valid SFR under section 6020(b). Pursuant to section 6651(g)(2), an

---

[4]Having concluded that petitioner's failure to timely file was without reasonable cause, we need not determine whether it resulted from willful neglect. See Staff IT, Inc. v. United States, 482 F.3d 792, 798 (5th Cir. 2007).

[5]The addition to tax is equal to 0.5% of the amount shown as tax on the return if the failure to pay is not for more than one month, with an additional 0.5% for each additional month or fraction thereof during which such failure to pay continues, not exceeding 25% in the aggregate. Sec. 6651(a)(2). The addition to tax under sec. 6651(a)(1) is reduced by the amount of the addition under sec. 6651(a)(2) for any month (or fraction thereof) to which an addition to tax under sec. 6651(a)(1) and (2) applies. Sec. 6651(c)(1).

**[*10]** SFR is treated as the taxpayer's return for purposes of determining the section 6651(a)(2) addition to tax. Respondent has presented evidence showing that petitioner did not make any tax payments in 2009. Accordingly, we conclude that respondent has produced sufficient evidence to show that the section 6651(a)(2) addition to tax is appropriate unless petitioner proves that his failure to pay was due to reasonable cause. Petitioner has not produced any evidence demonstrating that his failure to pay the appropriate amount was due to reasonable cause. Therefore, we hold petitioner liable for the section 6651(a)(2) addition to tax.[6]

### C. Penalties

Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty if any part of an underpayment of tax resulted from a substantial understatement of income tax. A substantial understatement exists if the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A)(i) and (ii).

Respondent determined, and we agree, that petitioner is liable for the 20% penalty under section 6662 for the 2008 tax year. Respondent determined that

---

[6]Having concluded that petitioner's failure to timely pay was without reasonable cause, we need not determine whether it resulted from willful neglect. See Staff IT, Inc., 482 F.3d at 798.

[*11] petitioner should have reported a tax liability of $98,272 for 2008, but he reported zero. The understatement is greater than 10% of the tax required to be shown on the return, which is greater than $5,000. Accordingly, we conclude that respondent has produced sufficient evidence to show that the 20% penalty is appropriate.

Pursuant to section 6664(c)(1), an accuracy-related penalty under section 6662 does not apply to any portion of an underpayment for which a taxpayer establishes that he had reasonable cause and acted in good faith. Petitioner has not produced evidence sufficient to satisfy section 6664(c)(1). Therefore, we hold petitioner liable for the 20% penalty under section 6662(a) and (b)(2).

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing and respondent's concessions,

Decision will be entered for respondent in the reduced amounts.