T.C. Memo. 2015-101

UNITED STATES TAX COURT

JAYNELLE K. BELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12544-13.               Filed June 1, 2015.

Jaynelle K. Bell, pro se.

<u>Kelley A. Blaine</u> and <u>Catherine J. Caballero</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

BUCH, <u>Judge</u>: Respondent issued a notice of deficiency determining a deficiency of $218,403 plus additions to tax under section 6651(a)(1) of $49,387 and under section 6651(a)(2) of $54,874 with respect to Jaynelle K. Bell's Federal

[*2] income tax for 2007.[1]  After concessions, the issues remaining for consideration are whether Ms. Bell is liable for the additions to tax under section 6651(a)(1) for failure to timely file a tax return and section 6651(a)(2) for failure to timely pay the amount shown as tax on the return.  We hold that, subject to certain limitations, she is.

## FINDINGS OF FACT

Before 2007, the year in issue, Ms. Bell was a partner in a law firm.  At some point in the mid-2000s Ms. Bell discovered that two of her partners were embezzling money from the law firm and filing false income tax returns.  As a result, Ms. Bell did not timely file her 2005 and 2006 income tax returns because she did not want to file returns based on incorrect information.  Instead, she sent the Internal Revenue Service (IRS) a check for $10,000 to cover her 2005 and 2006 tax liabilities.  Ms. Bell testified that she sent correspondence with the check explaining why she was not filing her returns and stating that the $10,000 was for her future tax liabilities.  The IRS credited the $10,000 check to Ms. Bell's account on April 15, 2006.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

**[*3]**  According to the IRS account transcript for Ms. Bell's 2005 taxable year, the IRS received her 2005 Form 1040, U.S. Individual Income Tax Return, on July 31, 2007.  The copy of Ms. Bell's 2005 return that was admitted into evidence bears her signature and is dated July 31, 2007.  The 2005 return states that Ms. Bell prepared the return herself, and she listed $10,000 on line 65, "2005 estimated tax payments and amount applied from 2004 return".  The 2005 return claimed an overpayment of $4,836, and Ms. Bell requested that $4,000 of the overpayment be applied to her 2006 estimated tax.  The 2005 account transcript also reflects that $4,000 should be applied to Ms. Bell's 2006 tax liability.

The IRS received Ms. Bell's 2006 Form 1040 on April 14, 2008.  Again, the return was self-prepared.  However, inconsistent with what she reported on her 2005 return, Ms. Bell left line 65, "2006 estimated tax payments and amount applied from 2005 return", blank.  Ms. Bell's 2006 return showed an overpayment of $540 that she requested be applied to her 2007 estimated tax.  The IRS processed Ms. Bell's 2006 return on May 12, 2008, and issued her a refund of $4,000 corresponding to the amount on her 2005 return that she had requested be applied to her 2006 estimated tax.  Ms. Bell received the refund check and deposited it on May 15, 2008.

**[*4]**    Now we come to the year before us, 2007.  Ms. Bell testified that she mailed her 2006 return, her 2007 return, and an extension request for her 2005 return in the same envelope in April 2008.  However, as previously stated, IRS records show that the IRS received Ms. Bell's 2005 return on July 31, 2007.  The Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 2007 shows that the IRS processed Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, on April 15, 2008, but does not show a return filed by the due date, including extensions, for 2007.  Ms. Bell stated at trial that she did not have a certified mail receipt to show she timely filed her 2007 return in April 2008 and she did not submit payment for 2007 because at that time she believed the IRS still owed her $4,000.  The Form 4340 also reflects an entry of "Substitute for Return" on March 20, 2012.  However, the IRS did not introduce a substitute for return for Ms. Bell into the record or claim that one was actually created.

In October 2012 Ms. Bell filed a 2007 return.  However, she testified that this was not her original return but rather one she reconstructed in 2012.  She did not list the $4,000 on line 65, "2007 estimated tax payments and amount applied from 2006 return" because, at the time she reconstructed the return, she had already received the $4,000 refund check.  She listed the $540 corresponding to

[*5] her 2006 overpayment that she had asked to be credited to 2007. The return showed tax due of $1,633 after application of the $540 credit. Ms. Bell also filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 2007 in November 2012.

The IRS mailed Ms. Bell a notice of deficiency on March 6, 2013. The notice was based on the 2007 return filed in October 2012. The IRS made adjustments to Ms. Bell's income, imposed an additional tax under section 72(t) for a distribution from a qualified plan, and made other computational adjustments. The IRS also determined additions to tax under section 6651(a)(1) for failure to timely file a tax return and section 6651(a)(2) for failure to timely pay the amount shown as tax on the return. Ms. Bell, while living in California, timely petitioned.

After concessions by both parties, the only issues remaining for decision are whether Ms. Bell is liable for the additions to tax under section 6651(a)(1) and (2).

OPINION

I. Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failing to timely file a Federal income tax return unless it is shown that the failure is due to reasonable cause and not due to willful neglect. The addition to tax is equal to 5% of the

[*6] amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent.[2]  The addition to tax under section 6651(a)(1) is reduced to 4.5% if the section 6651(a)(2) addition to tax (for failure to timely pay) runs concurrently with the section 6651(a)(1) addition to tax.[3]  For purposes of section 6651(a)(1), the amount required to be shown on the return is "reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return".[4]

The Commissioner bears the burden of production with respect to any penalty or addition to tax.[5]  The taxpayer is not responsible for the addition to tax if she shows the lateness is due to reasonable cause and not due to willful neglect.[6]  "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is

---

[2]Sec. 6651(a)(1).

[3]Sec. 6651(c)(1).

[4]Sec. 6651(b)(1).

[5]Sec. 7491(c).

[6]Sec. 6651(a)(1); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

[*7] due to a reasonable cause."[7]  The taxpayer can show that she did not act with "willful neglect" if she can "prove that the late filing did not result from a 'conscious, intentional failure or reckless indifference.'"[8]

Respondent has no record of receiving a timely filed 2007 return from Ms. Bell.  Instead, respondent maintains that the first return he received for 2007 from Ms. Bell was filed in October 2012.  Although Ms. Bell testified that she filed the return timely, the IRS records show only that it received an extension request for the 2007 return in April 2008.  By showing the absence of any record of having received the return before 2012, respondent satisfied his burden.[9]  Ms. Bell has not provided any evidence other than her testimony to prove that she timely filed her 2007 return.  Accordingly, we find that the return was filed in 2012.

Under section 6402(a) the IRS can credit an "overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment" and, subject to certain limitations, refund any balance to the person.  Instead of requesting a refund, a

---

[7]Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

[8]Niedringhaus v. Commissioner, 99 T.C. 202, 221 (1992) (quoting United States v. Boyle, 469 U.S. 241, 245-246 (1985)).

[9]See Estate of Moragne v. Commissioner, T.C. Memo. 2011-299.

**[*8]** taxpayer can request that the IRS credit his overpayment against the estimated tax for the taxable year immediately succeeding the year for which the return is filed.[10] On her 2005 return Ms. Bell requested that $4,000 be applied to her 2006 estimated tax. On her 2006 return Ms. Bell made no mention of the $4,000 overpayment from 2005 and requested only that her overpayment of $540 be applied to her 2007 estimated tax. As a result, the IRS mailed a refund check to Ms. Bell for $4,000 and credited the $540 overpayment against her 2007 estimated tax. In accordance with section 6651(b)(1), the amount of the addition to tax must take into account the $540 overpayment applied to the 2007 estimated tax on the 2006 return. However, the amount required to be shown on the return should not be reduced by $4,000 because Ms. Bell did not properly apply this overpayment to her 2007 estimated tax.

On the basis of the above, we find that respondent has met his burden of production; and because Ms. Bell was not able to prove that the failure to file was due to reasonable cause and not due to willful neglect, the addition to tax under section 6651(a)(1), taking into account the 2006 overpayment of $540, is sustained.

---

[10]Sec. 301.6402-3(a)(5), Proced. & Admin. Regs.

**[*9] II. Section 6651(a)(2) Addition to Tax**

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return unless the taxpayer establishes that the failure was due to reasonable cause and not due to willful neglect. The addition to tax is calculated as 0.5% of the amount shown as tax on the return but not paid, with an additional 0.5% for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25%.[11] As with the addition to tax under section 6651(a)(1), the addition to tax under section 6651(a)(2) applies only to the extent there is a balance due.[12] As previously addressed, the amount of the addition to tax under section 6651(a)(2) must take into account the $540 overpayment applied to the 2007 estimated tax on the 2006 return.

Again, the Commissioner bears the burden of production with respect to any penalty or addition to tax.[13] The taxpayer then bears the burden of proving that the

---

[11]Sec. 6651(a)(2).

[12]Sec. 6651(b)(2).

[13]Sec. 7491(c).

**[*10]** failure to timely pay tax was due to reasonable cause and not due to willful neglect.[14]

The addition to tax for failure to timely pay differs from the addition to tax for failure to timely file in that the addition for failure to timely pay is calculated on the "amount shown as tax on such return", instead of the "amount required to be shown as tax on such return".[15] The notice of deficiency is based on the 2007 return Ms. Bell filed in October 2012. That return shows an amount due of $1,633. However, the addition to tax for failure to timely pay appears to have been calculated by factoring in respondent's adjustments in the notice of deficiency. This is not appropriate according to the statute. Under section 6651(g), a return prepared by the Secretary under section 6020(b), commonly known as a substitute for return, may be treated as the return filed by the taxpayer when determining the addition to tax for failure to timely pay. Respondent did not introduce a substitute for return into the record. Therefore, respondent has met his burden for the addition to tax for failure to timely pay only to the extent of the net

---

[14]Sec. 6651(a)(2); Higbee v. Commissioner, 116 T.C. at 447.

[15]See Cabirac v. Commissioner, 120 T.C. 163, 170 (2003). Compare sec. 6651(a)(2), with sec. 6651(a)(1).

**[\*11]** amount due as shown on Ms. Bell's 2007 return filed in October 2012.[16]

Ms. Bell failed to prove that her failure to timely pay was due to reasonable cause and not due to willful neglect.

Accordingly, we find that respondent has met his burden of production; and because Ms. Bell was not able to prove that the failure to timely pay was due to reasonable cause and not due to willful neglect, the addition to tax under section 6651(a)(2), taking into account the 2006 overpayment of $540 and determined from the 2007 return Ms. Bell filed in October 2012, is sustained but must be recalculated.

III.  Conclusion

On the basis of our examination of the record before us and the parties' arguments at trial, we find that respondent met his burden of production with respect to the additions to tax under section 6651(a)(1) and (2), and Ms. Bell was not able to prove that either the failure to timely file or the failure to timely pay was due to reasonable cause and not due to willful neglect.  Accordingly, the additions to tax under section 6651(a)(1) and (2) are sustained, but the additions to tax must be recalculated in accordance with this opinion.

---

[16]See Wheeler v. Commissioner, 127 T.C. 200, 208-210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

[*12] To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.