T.C. Memo. 2016-138

UNITED STATES TAX COURT

JOSE M. CURET, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16348-14.                                   Filed July 25, 2016.

Jose M. Curet, pro se.

<u>Gordon P. Sanz</u> and <u>Lewis A. Booth, II</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined a deficiency of $1,993 and

additions to tax of $448 and $498 under section 6651(a)(1) and (2), respectively,

with respect to petitioner's Federal income tax for tax year 2010.  Unless

otherwise indicated, all section references are to the Internal Revenue Code in

**[\*2]** effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

The issues for consideration are whether petitioner is liable for: (1) self-employment tax under section 1401, and (2) additions to tax under section 6651(a)(1) and (2).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by this reference. Petitioner resided in Puerto Rico when he timely filed his petition.

During 2010 petitioner lived and worked as a consulting engineer in Puerto Rico. Petitioner filed a Form 482.0, Individual Income Tax Return, with the Commonwealth of Puerto Rico for 2010.[1] With his return he included a Schedule M, Professions and Commissions Income, which is the equivalent of the Schedule C, Profit or Loss From Business, on the Form 1040, U.S. Individual Income Tax Return. On his Schedule M petitioner reported gross income of $25,260 and expenses of $11,155, resulting in net income from his trade or business of $14,105. Petitioner failed to file timely a Form 1040-SS, U.S. Self-Employment

---

[1]The parties do not dispute that petitioner was a resident of Puerto Rico and a citizen of the United States who was required to file a Form 482.0.

**[*3]** Tax Return, with the Internal Revenue Service for 2010. On April 28, 2014, respondent issued a notice of deficiency. Respondent attached a Form 4549-A, Income Tax Examination Changes (Unagreed and Excepted Agreed), a Form 886-A, Explanation of Items, and a Form 13496, IRC Section 6020(b) Certification, to the notice of deficiency.

Respondent provided an account transcript for tax year 2010 which showed petitioner had not reported or paid any Federal income taxes for 2010, including self-employment taxes.

OPINION

I.    Deficiency

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), in certain circumstances, the burden of proof may shift from the taxpayer to the Commissioner. Petitioner has not claimed or shown that he meets the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue. The burden of proof remains with petitioner.

**[*4]** U.S. individual citizens and residents are subject to Federal income taxation on their taxable income on a worldwide basis. See sec. 1; Cook v. Tait, 265 U.S. 47 (1924). But a bona fide resident of Puerto Rico for the entire taxable year is not subject to Federal taxation with respect to items of income that are sourced within Puerto Rico except for amounts received for services as an employee of the U.S. Government. See sec. 933(1). Notwithstanding the exemption provided by section 933(1), an individual resident of Puerto Rico is not exempt from self-employment tax. See sec. 1401; sec. 1.1402(a)-9, Income Tax Regs. Residents of Puerto Rico are required to compute net earnings from self-employment in the same manner as a U.S. individual without regard to section 933. See sec. 1402(a)(6); sec. 1.1402(a)-9, Income Tax Regs.; see also sec. 1.1402(a)-1, Income Tax Regs. (defining the term "net earnings from self-employment" to include the gross income derived in a taxpayer's trade or business less the deductions allowed by chapter 1 that are attributable thereto).

Petitioner argues that he was not subject to any U.S. tax for 2010 because he was a resident of Puerto Rico. Petitioner had net earnings from self-employment as evidenced by his Schedule M that he filed along with his Form 482.0. Although he was a resident of Puerto Rico during 2010, per section 1402(a)(6),

[*5] petitioner was not exempt from U.S. self-employment tax.  We conclude petitioner is liable for self-employment tax.

II.    Additions to Tax

A.    Section 6651(a)(1)

Respondent determined that petitioner is liable under section 6651(a)(1) for an addition to tax for failure to timely file a return for 2010.  As discussed above, petitioner was required to file a Form 1040-SS.  The addition to tax for failure to file a timely return under section 6651(a) applies to self-employment tax returns.  Secs. 6017, 6651(a) (imposing addition to tax "[i]n case of failure * * * to file any return required under authority of subchapter A of chapter 61 (other than part III thereof)").  Under section 7491(c), the Commissioner bears the burden of producing evidence with respect to the liability of the taxpayer for any penalty.  See also Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  The parties agree that petitioner did not file a Form 1040-SS.  Therefore, respondent has met his burden of production.

B.    Section 6651(a)(2)

Respondent also determined that petitioner is liable under section 6651(a)(2) for an addition to tax for failure to timely pay tax shown on a return for the year in issue.  The section 6651(a)(2) addition to tax applies only when an

[*6] amount of tax is shown on a return filed by the taxpayer or prepared by the Secretary. Sec. 6651(a)(2), (g)(2); Cabirac v. Commissioner, 120 T.C. 163, 170 (2003), aff'd without published opinion, 94 A.F.T.R. 2d (RIA) 2004-5490 (3d Cir. 2004). When a taxpayer has not filed a return, the section 6651(a)(2) addition to tax may not be imposed unless the Secretary has prepared a substitute for return that satisfies the requirements of section 6020(b). See Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). Respondent has shown, and petitioner does not dispute, that petitioner failed to pay his Federal income tax obligations for 2010. Respondent has established that the Secretary prepared a substitute for return for 2010 that satisfies requirements of section 6020(b) by providing a Form 4549-A, a Form 886-A, and a Form 13496 for tax year 2010. See Cabirac v. Commissioner, 120 T.C. at 170-172. Respondent has met the burden of production.

C.     Reasonable Cause

The additions to tax under section 6651(a)(1) and (2) apply once the Commissioner has met his burden of production unless the failure to timely file and the failure to timely pay were due to reasonable cause and not due to willful neglect. The taxpayer bears the burden of establishing reasonable cause. Higbee v. Commissioner, 116 T.C. at 446. Reasonable cause is established if the taxpayer

[*7] exercised ordinary business care and prudence but was nevertheless unable to timely file or timely pay the tax due on his return. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure or reckless indifference toward filing or payment obligations. United States v. Boyle, 469 U.S. 241, 245 (1985). Petitioner claims he did not file a return or pay the tax due because he believed that as a resident of Puerto Rico he did not have a U.S. Federal filing or payment obligation. He testified that he consulted with a Puerto Rican tax adviser to prepare his tax returns. His adviser did not testify at trial, and petitioner did not otherwise establish that (1) the adviser was a competent professional who had sufficient expertise to justify reliance; (2) he provided necessary and accurate information to the adviser; and (3) he actually relied in good faith on the adviser's judgment. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); see also Estate of La Meres v. Commissioner, 98 T.C. 294, 315-316 (1992). His explanations do not suffice to demonstrate the ordinary business care and prudence the regulations require. We sustain the additions to tax under section 6651(a)(1) and (2).

[*8]   Any contentions we have not addressed at irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.